HOLLAND & KNIGHT LLP
Ashley L. Shively
560 Mission Street, Suite 1900
San Francisco, CA  94105
Telephone:  415.743.6900
Fax:  415.743.6910
E-mail: *ashley.shively@hklaw.com*

*Attorney for Defendants Fox Sports Australia*
*Pty Limited and Fox Sports Streamco Pty Limited*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH BLAKELEY, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>The NATIONAL RUGBY LEAGUE, and Australian Private Company, FOX SPORTS AUSTRALIA PTY LIMITED, an Australian Private Company, and FOX SPORTS STREAMCO PTY LIMITED, an Australian Private Company,<br><br>                    Defendants. | Case No.: 3:24-cv-04923-VC<br><br>**DEFENDANTS FOX SPORTS AUSTRALIA  PTY LIMITED AND FOX SPORTS STREAMCO PTY LIMITED'S MOTION NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: Feb. 20, 2025<br>Time:  10:00 am<br>Place: Courtroom 4, 17th Floor<br>Judge: Hon. Vince Chhabria<br>Complaint Filed: August 9, 2024 |

DEFENDANTS FOX SPORTS AUSTRALIA  PTY LIMITED AND FOX SPORTS STREAMCO PTY LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## <u>NOTICE OF MOTION AND MOTION</u>

**PLEASE TAKE NOTICE** that on Thursday, February 20, 2025 at 10:00 a.m. in Courtroom 4 – 17th Floor of the U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, or as soon thereafter as this matter may be heard, defendants Fox Sports Australia Pty Limited and Fox Sports Streamco Pty Limited ("Fox Sports Defendants") will and hereby do, move the Court for an order dismissing the Complaint filed by Plaintiff Josh Blakeley for lack of personal jurisdiction.

Pursuant to Rule 12(b)(2), the Fox Sports Defendants move to dismiss Plaintiff's Complaint for lack of personal jurisdiction on the grounds that the Fox Sports Defendants have not purposefully directed their activities toward California or the United States, Plaintiff's claim does not arise out of or relate the Fox Sports Defendants' activities in the United States, and the exercise of jurisdiction over the Fox Sports Defendants is unreasonable.

This motion to dismiss is based on this notice of motion, the memoranda of points and authorities and evidence cited therein, the concurrently-filed Declarations of Cate Hefele and Ibrahim Abdalla, and any additional documents, evidence or argument that the Court might allow.

Dated: December 5, 2024                    HOLLAND & KNIGHT LLP


By:  _/s/ Ashley L. Shively_____
Ashley L. Shively

*Counsel for Defendants*
*Fox Sports Australia Pty Limited and Fox Sports Streamco Pty Limited*

DEFENDANTS FOX SPORTS AUSTRALIA PTY LIMITED AND FOX SPORTS STREAMCO PTY LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................1

I.    BACKGROUND ..............................................................................................................1

II.    LEGAL STANDARD.......................................................................................................3

III.    ARGUMENT ...................................................................................................................4

    A.    The Court Cannot Exercise General Jurisdiction Over the Fox Sports Defendants ...............................................................................................................4

    B.    This Court Does Not Have Specific Jurisdiction Over the Fox Sports Defendants ...............................................................................................................5

        1.    The Fox Sports Defendants Did Not Purposefully Direct Activities to the Forum. .................................................................................................................5

            a.    The Fox Sports Defendants Have Not "Expressly Aimed" Any Activities Towards California. ................................................................................6

                i.    The Website's Interactivity is Not Expressly Aimed at the United States ..........7

                ii.    The Use of Servers to Deliver the Website is not Expressly Aimed at the U.S. ...................................................................................................9

        2.    Plaintiff's Alleged Harm Has No Nexus to the Fox Sports Defendants' Forum-Related Activities. .................................................................................................10

        3.    Personal Jurisdiction Over the Fox Sports Defendants Does Not Comport With Fair Play and Substantial Justice..........................................................................11

CONCLUSION...........................................................................................................................12

DEFENDANTS FOX SPORTS AUSTRALIA PTY LIMITED AND FOX SPORTS STREAMCO PTY LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*42 Ventures, LLC v. Mav*,
No. 20-17305, 2021 WL 5985018 (9th Cir. Dec. 16, 2021)......................................................9

*AMA Multimedia, LLC v. Wanat*,
970 F.3d 1201, 1210 (9th Cir. 2020) .......................................................................................9

*Amoco Egypt Oil Co. v. Leonis Nav. Co.*,
1 F.3d 848 (9th Cir. 1993) ......................................................................................................12

*Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*,
480 U.S. 102 (1987)................................................................................................................12

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
874 F.3d 1064 (9th Cir. 2017) ..................................................................................................6

*Ayer v. White*,
No. 21-cv-08773-RSWL-RAO, 2022 WL 657502 (C.D. Cal. Mar. 4, 2022) ........................10

*Ballard v. Savage*,
65 F.3d 1495 (9th Cir. 1995) ....................................................................................................3

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
223 F.3d 1082 (9th Cir. 2000) ..................................................................................................4

*Blazheiev v. Ubisoft Toronto Inc.*,
17-cv-07160-EMC, 2018 WL 3417481 (N.D. Cal. July 13, 2018) ..........................................6

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) .............................................................................................3, 10

*Brayton Purcell LLP v. Recordon & Recordon*,
606 F.3d 1124 (9th. Cir. 2010) abrogated on other grounds......................................................6

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)...................................................................................................................5

*Calder v. Jones*.
465 U.S. 783 (1984)...................................................................................................................6

*Camp West Recorders Inc. v. Gibbs*,
No. 13-cv-06525-BRO-MRW, 2013 WL 12191723 (C.D. Cal. Oct. 28, 2013).......................5

*Carroll v. The J.M. Smucker Co.*,
No. 22-cv-08952-WHA, 2023 WL 4053796 (N.D. Cal. Jun. 15, 2023)................................6, 8

*Chan v. UBS AG*,
No. 18-cv-04211-JAK-FFM, 2019 WL 6825747 (C.D. Cal. Aug. 5, 2019) ...........................10

*Core-Vent Corp. v. Nobel Indus. AB*,
11 F.3d 1482 (9th Cir. 1993) ................................................................................................11

*Crouch v. Ruby Corp.*,
639 F. Supp. 3d 1065 (S.D. Cal. 2022)....................................................................................5

*Cybersell, Inc. v. Cybersell, Inc.*,
130 F.3d 414 (9th Cir. 1997) ..................................................................................................9

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)................................................................................................................3

*Data Disc. v. Systems Tech. Association, Inc.*,
557 F.2d 1280 (9th Cir. 1977) ................................................................................................3

*DFSB Kollective Co. v. Bourne*,
897 F. Supp. 2d 871 (N.D. Cal. 2012) .....................................................................................7

*Durward v. One Technologies LLC*,
No. 19-cv-06371, 2019 WL 4930229 (C.D. Cal. Oct. 3, 2019) ................................................7

*Electro Scan, Inc. v. Henrich*,
No. 2:18-cv-02689-JAM-EFB, 2019 WL 1299010 (E.D. Cal. Mar. 20, 2019)........................8

*Frawley v. Nexstar Media Group, Inc.*,
No. 1:23-CV-10384-AK, 2023 WL 6065768 (D. Mass. Sept. 18, 2023)................................11

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*,
905 F.3d 597 (9th Cir. 2018) ..................................................................................................4

*GeoSolutions B.V. v. Sina.com Online*,
700 F. Supp. 3d 821 (N.D. Cal. 2023) ...................................................................................10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)................................................................................................................4

*Hungerstation LLC v. Fast Choice LLC*,
No. 19-cv-05861-HSG, 2020 WL 137160 (N.D. Cal. Jan. 13, 2020) ......................................9

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)................................................................................................................4

DEFENDANTS FOX SPORTS AUSTRALIA PTY LIMITED AND FOX SPORTS STREAMCO PTY
LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*Lake v. Lake*,
817 F.2d 1416 (9th Cir. 1987) ............................................................................................5

*Man-D-Tec, Inc. v. Nylube Products Co., LLC*,
No. 11-cv-01573-PHX-GMS, 2012 WL 1831521 (D. Ariz. May 18, 2012)............................9

*Martinez v. Aero Caribbean*,
764 F.3d 1062 (9th Cir. 2014) ............................................................................................4

*Matus v. Premium Nutraceuticals, LLC*,
715 F. App'x. 662 (9th Cir. 2018) ......................................................................................7

*Mavrix Photo Inc. v. Brand Techs. Inc.*,
647 F.3d 1218 (9th Cir. 2011) ............................................................................................7

*Myers v. Bennett Law Offices*,
238 F.3d 1068 (9th Cir. 2001) ............................................................................................3

*Panavision Int'l, L.P. v. Toeppen*,
141 F.3d 1316 (9th Cir. 1998) .......................................................................................7, 11

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) ............................................................................................4

*Picot v. Weston*,
780 F.3d 1206 (9th Cir. 2015) ......................................................................................6, 10

*Prevail Legal, Inc. v. Gordon*,
No. 20-cv-07173-BLF, 2021 WL 1947578 (N.D. Cal. May 14, 2021) ...................................9

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) ............................................................................................4

*Republic of Kazakhstan v. Ketebaev*,
No. 17-CV-00246-LHK, 2017 WL 6539897 (N.D. Cal. Dec. 21, 2017) ................................9

*Rupert v. Bond*,
68 F. Supp. 3d 1142 (N.D. Cal. 2014) .................................................................................6

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) .....................................................................................5, 6, 10

*Smith v. Facebook*,
262 F. Supp. 3d 943 (N.D. Cal. 2017) .................................................................................8

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ..............................................................................................3

Case No.: 3:24-cv-04923-VC

DEFENDANTS FOX SPORTS AUSTRALIA PTY LIMITED AND FOX SPORTS STREAMCO PTY
LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*ThermoLife Int'l, LLC v. NetNutri.com LLC*,
  813 F. App'x. 316 (9th Cir. 2020) ........................................................................7

*Tuazon v. R.J. Reynolds Tobacco Co.*,
  433 F.3d 1163 (9th Cir. 2006) ..............................................................................4

*Walden v. Fiore*,
  571 U.S. 277 (2014)..........................................................................................4, 10

*Werner v. Dowlatsingh*,
  818 F. App'x 671 (9th Cir. 2020) .........................................................................8

*X Corp. v. Center for Countering Digital Hate Ltd.*,
  No. 23-cv-03836-CRB, 2024 WL 1245993 (N.D. Cal. Mar. 25, 2025) ..................9

*Yamashita v. LG Chem, Ltd.*,
  62 F.4th 496 (9th Cir. 2023) ...............................................................................10

*Zarif v. Hwareh.com*,
  Inc., No. 23-cv-0565-BAS, 2024 WL 1268167 (S.D. Cal. Mar. 25, 2024)..........8, 9

**Statutes**

Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* ...............................................9

**Other Authorities**

Fed. R. Civ. P. 4(k)(1)(A) ............................................................................................11

Fed. R. Civ. P. 12(b)(2)................................................................................................11

## **INTRODUCTION**

Plaintiff signed up to stream matches of Australia's National Rugby League ("NRL") online and filed this pixel lawsuit against the League and the Fox Sports Defendants,[1] all three of which are Australia-based companies.

As set forth below, the Fox Sports Defendants operate in and provide the Watch NRL streaming service from Australia. They are organized under the laws of Australia, with their principal places of business in Australia. As such, they cannot be considered "at home" in the State. Likewise the Court does not have specific jurisdiction over the Fox Sports Defendants because they do not target California or the United States or otherwise expressly aim their activities at this forum.

Because the Court does not have either general or specific jurisdiction over the Fox Sports Defendants, the Court should dismiss this case. Should the Court find that personal jurisdiction exists over the Fox Sports Defendants, however, they alternatively move jointly with co-defendant NRL to dismiss on *forum non conveniens* grounds. *See* companion Joint Motion to Dismiss for *Forum Non Conveniens*.

## I.    BACKGROUND

The Fox Sports Defendants operate www.WatchNRL.com (the "Website"), which allows subscribers to stream matches of co-defendant the NRL and view related content such as scores and schedules. Declaration of Cate Hefele("Hefele Decl."), attached as Exhibit 1, ¶ 13.

Plaintiff is a subscriber of the Website. ECF No. 1 ¶¶ 8, 42. He alleges that "Defendants" collectively placed the Facebook Pixel on the Website, which allowed Facebook to collect information about Plaintiff's video viewing history on the Website. *Id.* at ¶¶ 67-76. He asserts one cause of action against the three Defendants for violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq. Id.*

---

[1] Defendants Fox Sports StreamCo Pty Limited ("Fox Sports StreamCo") and Fox Sports Australia Pty Limited ("Fox Sports Australia") are collectively referred to throughout as the "Fox Sports Defendants."

The Fox Sports Defendants are organized under the laws of Australia. Ex. 1, Hefele Decl. ¶ 6. The Fox Sports Defendants' principal places of business are in New South Wales, Australia. *Id.* The Fox Sports Defendants do not have an office or other place of business in California or in the United States, do not have a registered agent for service of process in California or any other U.S. state, and do not own or possess real or tangible personal property in the U.S., and do not have bank accounts or pay taxes in the U.S. *Id.* at ¶¶ 7-12.

Plaintiff's jurisdictional allegations are sparse and not grounded in fact. He alleges that:

- Four of Watch NRL's "server facilities" are located in the United States;

- The majority of Watch NRL's traffic comes from the United States;

- The majority of Watch NRL's "Point of Presence ('POP') servers are located within the U.S.";

- "Watch NRL engages in significant, long-term business activity purposefully directed toward the United States, by, *inter alia*, the maintenance of its interactive websites directed at and accessible to residents of the United States."

Compl. at ECF No. 1 ¶¶ 15(a)-(d).

The Fox Sports Defendants, on the other hand, have submitted the declarations of Cate Hefele and Ibrahim Abdalla that directly refute Plaintiff's allegations. Exs. 1 and 2, respectively. These declarations show unequivocally that:

- The Fox Sports Defendants do not own or operate "server facilities" in California or anywhere else in the United States.

- The Website is deployed through Amazon Web Services ("AWS"), which provides a cloud environment with data centers around the world. The Website is hosted on AWS servers on the East Coast of the United States, in Virginia and in Southeast Asia.

- Live video content available on the Website is encoded for streaming and then hosted on servers inside data centres located in the suburbs outside of Sydney, Australia. Thus when subscribers live stream a match on the Website, that video is retrieved from an Australian-based server as source of origin.

- The Website's Video on Demand content is also transcoded in Australia.

- The Fox Sports Defendants do not own PoP servers in the United States or contract for PoP services specific to the United States.

DEFENDANTS FOX SPORTS AUSTRALIA PTY LIMITED AND FOX SPORTS STREAMCO PTY LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

- In the 2024 calendar year, only around 1% of all Website visitors had a California IP address.

- Since August 2022, consumers from more than 31 different countries have clicked on Watch NRL ads appearing on Facebook / Instagram. Of that, under 1% of link clicks originated from a California IP address, amounting to approximately $1,953 AUS in ad spend. Total ad spend attributable to clicks on Meta ads from all U.S. IP addresses was approximately $13,388 AUS.

Ex. 2, Abdalla Decl. ¶¶ 7-12; Ex. 1, Hefele Decl. ¶¶ 14-16.

## II.     LEGAL STANDARD

A plaintiff has the burden of establishing that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). In opposing a defendant's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff must make a *prima facie* showing that the exercise of jurisdiction is proper by demonstrating "facts that if true would support jurisdiction over the defendant." *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted). "'[B]are bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). Moreover, where a defendant moves to dismiss by filing a declaration refuting the jurisdictional allegations in a complaint, the plaintiff may not rest on its allegations and must support them with the plaintiff's own affidavits or evidence. *See, e.g., Data Disc. v. Systems Tech. Association, Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (holding that a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit").

When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001); *see* Fed. R. Civ. P. 4(k)(1)(A). "California's long-arm statute allows the exercise of personal  jurisdiction to the full extent permissible under the U.S. Constitution." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Cal. Civ. Proc. Code Ann. § 410.10). Constitutional due process, in turn, requires that a defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).[2]

There are two varieties of personal jurisdiction based on a defendant's contacts with the forum: general and specific. General jurisdiction "permits a court to hear any and all claims against a defendant, whether or not the conduct at issue has any connection to the forum," and may only be exercised where a defendant's contacts with the forum are "continuous and systematic." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069-70 (9th Cir. 2015) (internal quotations and citations omitted). "Specific jurisdiction exists when a case 'aris[es] out of or relate[s] to the defendant's contacts with the forum.'" *Id.* at 1068 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). To be subject to a court's specific jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

### III.   ARGUMENT

#### A. The Court Cannot Exercise General Jurisdiction Over the Fox Sports Defendants

The standard for establishing general jurisdiction is high and requires that a defendant's contacts be substantial enough to approximate physical presence. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000); *see also Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171–74 (9th Cir. 2006) (noting courts are "understandably reluctant to exercise general jurisdiction."). "Only in an 'exceptional case' will general jurisdiction be available anywhere" other than the entity's place of incorporation or principal place of business. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).

The Fox Sports Defendants are organized under the laws of Australia, with their principal places of business in New South Wales, Australia. Ex. 1, Hefele Decl. ¶ 6. This is not the "exceptional case" that warrants the exercise of general jurisdiction. The Fox Sports Defendants

---

[2] "The due process analysis [under Rule 4(k)] is identical to the [California long-arm statute] when the forum was California, except here the relevant forum is the entire United States." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006).

do not have an office or other place of business in California or in the United States. *Id.* at ¶ 7. The Fox Sports Defendants do not have an agent for service of process in California or any other U.S. state, nor do they own or possess real or tangible personal property in California or any other U.S. state. *Id.* at ¶¶ 8-9. The Fox Sports Defendants do not have any bank accounts here, nor do they pay taxes in California or any other U.S. state. *Id.* at ¶ 10. The Fox Sports Defendants accordingly do not have continuous and systematic contacts with the forum, and therefore, the Court cannot exercise general jurisdiction over them. *See, e.g.*, *Camp West Recorders Inc. v. Gibbs*, No. 13-cv-06525-BRO-MRW, 2013 WL 12191723, at *5 (C.D. Cal. Oct. 28, 2013) (holding no general jurisdiction over Australian corporation similarly-situated to the Fox Sports Defendants).

### B.   *This Court Does Not Have Specific Jurisdiction Over the Fox Sports Defendants*

The test for specific personal jurisdiction has three parts: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.,* it must be reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs. *Schwarzenegger*, 374 F.3d at 802.

### 1.   <u>The Fox Sports Defendants Did Not Purposefully Direct Activities to the Forum.</u>

"[P]urposeful availment and purposeful direction are two separate and distinct concepts" under the first prong of the specific personal jurisdiction test. *Crouch v. Ruby Corp.*, 639 F. Supp. 3d 1065, 1078 (S.D. Cal. 2022). For claims sounding in tort, like the VPPA, courts generally apply a "purposeful direction" test and analyze whether the defendant "has directed his actions at the forum state, even if those actions took place elsewhere." *Id.* (citing *Schwarzenegger*, 374 F.3d at

802–03); *Carroll v. The J.M. Smucker Co.*, No. 22-cv-08952-WHA, 2023 WL 4053796, at \*3 (N.D. Cal. Jun. 15, 2023) (applying purposeful direction in VPPA case).

This "effects test" is derived from the Supreme Court's opinion in *Calder v. Jones*. 465 U.S. 783, 787–89 (1984). "Under this test, the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th. Cir. 2010) (internal quotation marks and citation omitted) abrogated on other grounds as recognized by *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). The court evaluates the second and third prongs with attention to "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (emph. added). "Failing to sufficiently plead any one of these three elements is fatal to Plaintiff's attempt to show personal jurisdiction." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1163 (N.D. Cal. 2014) (citing *Brayton Purcell*, 606 F.3d at 1128–29)).

### a. The Fox Sports Defendants Have Not "Expressly Aimed" Any Activities Towards California.

Assuming for purposes of this motion only that placing the Facebook Pixel on Website videos amounts to an intentional act, Plaintiff's jurisdictional allegations still cannot satisfy the effects test because the Fox Sports Defendants have not expressly aimed that activity at California or otherwise targeted consumers in California. The exact form of the "express aiming" "analysis varies from case to case and 'depends, to a significant degree, on the specific type of tort or other wrongful conduct at issue.'" *Picot*, 780 F.3d at 1214 (quoting *Schwarzenegger*, 374 F.3d at 807).

The Complaint here contains no facts that plausibly show the Fox Sports Defendants aimed any conduct into California. *See* ECF 1 ¶ 15(a), (c), (d). Plaintiff therefore fails to provide any factual basis to hold the Fox Sports Defendants subject to personal jurisdiction in this forum. *See, e.g., Blazheiev v. Ubisoft Toronto Inc.*, 17-cv-07160-EMC, 2018 WL 3417481, at \*4 (N.D. Cal. July 13, 2018) (no express aiming when "[n]owhere in the complaint does Plaintiff specify what actions that the [foreign] companies took that were directed at California").

DEFENDANTS FOX SPORTS AUSTRALIA PTY LIMITED AND FOX SPORTS STREAMCO PTY LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Neither are Plaintiff's allegations with respect to the United States sufficient to establish jurisdiction in California. *See ThermoLife Int'l, LLC v. NetNutri.com LLC*, 813 F. App'x. 316, 318 (9th Cir. 2020) (citations omitted) (specific personal jurisdiction cannot be based on "nonspecific, nationwide" activity because "any contact with [the state] would be 'random, fortuitous, or attenuated.'"); *see also Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x. 662, 663 (9th Cir. 2018) ("If [defendant] can be haled into California merely on the basis of its universally accessible website, then, under [plaintiff's] proposed rule, it can be haled into every state, and respectively, every online advertiser worldwide can be haled into California.").

### i. The Website's Interactivity is Not Expressly Aimed at the United States

The Ninth Circuit uses a sliding scale to examine whether providing access to a website constitutes express aiming. *See Mavrix Photo Inc. v. Brand Techs. Inc.*, 647 F.3d 1218, 1227 (9th Cir. 2011) (citations omitted). As a preliminary matter, the availability of the Website "to California [or U.S.] customers does not confer specific personal jurisdiction on this Court." *Durward v. One Technologies LLC*, No. 19-cv-06371, 2019 WL 4930229, at *6 (C.D. Cal. Oct. 3, 2019); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). "Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed." *Mavrix*, 647 F.3d at 1231. Rather, the focus is on whether a nonresident defendant did "something more" than maintain a website accessible to consumers in the forum. Courts consider several factors, including the interactivity of a website, "the geographic scope of the defendant's commercial ambitions," or "whether the defendant 'individually targeted' a plaintiff known to be a forum resident." *Id.* at 1229.

While Website visitors must login to access most content, Plaintiff alleges no facts about that process such that the "something more" requirement can be satisfied. Where users must "register to fully access the Website[]," there must be allegations "as to what registration information was required and . . . how that information was used to target the [forum]." *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 881 (N.D. Cal. 2012) (Australian website with links

DEFENDANTS FOX SPORTS AUSTRALIA PTY LIMITED AND FOX SPORTS STREAMCO PTY LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

to download Korean-language songs not targeted to California consumers even though users required to register on website). "Absent such allegations", "general description[] of website features . . . do not indicate interactivity sufficiently directed at California to give rise to specific personal jurisdiction." *Carroll*, 2023 WL 4053796 at *6 (defendant "has done no act and has consummated no transaction, nor has it performed any act by which it purposefully availed itself of the privilege of conducting activities" in California relevant to VPPA claim); *see also Werner v. Dowlatsingh*, 818 F. App'x 671, 672 (9th Cir. 2020) (affirming dismissal because Canadian defendant's alleged display of copyrighted photos on his YouTube channel did not create a substantial connection with California). Plaintiff here makes <u>no allegations</u> about the Website signup process, information required to create an account, or how such information is plausibly used by the Fox Sports Defendants to target U.S. consumers.

As Plaintiff notes, the Website has international appeal and fans of Australia's NRL are found around the world. *See Electro Scan, Inc. v. Henrich*, No. 2:18-cv-02689-JAM-EFB, 2019 WL 1299010, at *5-6 (E.D. Cal. Mar. 20, 2019) (no personal jurisdiction based on "an internationally accessible website" absent something more). The mere fact that some traffic to the Website allegedly comes from the U.S. is, alone, not enough to show targeting sufficient for the exercise of personal jurisdiction. *Zarif v. Hwareh.com*, Inc., No. 23-cv-0565-BAS, 2024 WL 1268167, at *5 (S.D. Cal. Mar. 25, 2024) (granting motion to dismiss privacy violations connected to nonresident pharmacy's use of Facebook Pixel where plaintiffs "ha[ve] not alleged that Defendant[s] specifically target[] California in [their] advertising"); *see also Smith v. Facebook*, 262 F. Supp. 3d 943, 951–52 (N.D. Cal. 2017) (holding that "embedding third-party code cannot confer personal jurisdiction" absent allegations that defendants targeted their activities at residents of the forum).

The Website targets rugby fans, not geographies. *See* Ex. 1, *Hefele* Decl. ¶ 15. In fact, people from more than 31 different countries came to the Website after clicking on Watch AFL

ads viewed on Facebook or Instagram (both owned by Meta).[3] Hefele Decl. ¶ 16. Of that, under 1% of clicks came from California IP addresses, amounting to less than $2,000 AUD in ad spend. *Id.* Total ad spend attributable to clicks on Meta ads from all U.S. IP addresses was just $13,388 AUD. *Id.*

It is clear that the Fox Sports Defendants have not targeted the United States, rather the Website has a "global" audience akin to that recognized in *AMA Multimedia, LLC v. Wanat*. See 970 F.3d 1201, 1210 (9th Cir. 2020) (concluding that the defendant's website "lack[ed] a forum-specific focus" because "the market for adult content is global").

### ii.    The Use of Servers to Deliver the Website is not Expressly Aimed at the U.S.

Plaintiff's contention that "Defendants" collectively have "server facilities" in the U.S. is insufficient to show express aiming, and inaccurate as to the Fox Sports Defendants in any event.

The physical location of servers does not confer jurisdiction. *X Corp. v. Center for Countering Digital Hate Ltd.*, No. 23-cv-03836-CRB, 2024 WL 1245993, at *11 (N.D. Cal. Mar. 25, 2025); *Hungerstation LLC v. Fast Choice LLC*, No. 19-cv-05861-HSG, 2020 WL 137160, at *4-5 (N.D. Cal. Jan. 13, 2020); *Republic of Kazakhstan v. Ketebaev*, No. 17-CV-00246-LHK, 2017 WL 6539897, at *7 (N.D. Cal. Dec. 21, 2017); *see also Man-D-Tec, Inc. v. Nylube Products Co., LLC*, No. 11-cv-01573-PHX-GMS, 2012 WL 1831521, at *2 (D. Ariz. May 18, 2012) ("If the mere location of a server could create personal jurisdiction, any state where a server is located would have personal jurisdiction over any user of that server").

Regardless, the Fox Sports Defendants do not own or operate "server facilities" or "POP servers" in the United States. Ex. 2, Abdalla Decl. ¶¶ 7, 12.  The Website is hosted on AWS servers at Amazon-owned facilities. *Id.* at ¶ 8. The Fox Sports Defendants did not choose where AWS would locate its servers. *See Zarif*, 2024 WL 1268167, at *5 (location of servers merely "fortuitous" and not targeted to any particular forum) (citing *42 Ventures, LLC v. Mav*, No. 20-17305, 2021 WL 5985018, at *1 (9th Cir. Dec. 16, 2021)); *Prevail Legal, Inc. v. Gordon*, No. 20-

---

[3] Internet advertisements alone are insufficient to subject the advertiser to jurisdiction in the plaintiff's home state." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997).

cv-07173-BLF, 2021 WL 1947578, at *5 (N.D. Cal. May 14, 2021). The Website's live and on demand video content, moreover, is created and served from Australia. Ex. 2, Abdalla Decl. ¶¶ 9-11.

It is not the rule that every nonresident firm with a globally available website can be haled into court in California. The lack of purposeful direction is dispositive, and the Court should dismiss for failure to meet the first prong of the specific jurisdiction test. *See Boschetto*, 539 F.3d at 1016.

### 2. Plaintiff's Alleged Harm Has No Nexus to the Fox Sports Defendants' Forum-Related Activities.

Plaintiff here cannot show relatedness absent specific allegations about interactivity with the Website and how the Fox Sports Defendants targeted such features at the forum. *See supra* § III(B)(1)(a)(i).

Even if the Court were to find that the Fox Sports Defendants purposefully directed activities at the forum, such contact would still not subject them to personal jurisdiction here because Plaintiff's claims do not "arise[] out of" that contact. *Schwarzenegger*, 374 F.3d at 802. "[T]he phrase 'relate to' does not mean anything goes. …[R]elatedness requires a close connection between contacts and injury." *GeoSolutions B.V. v. Sina.com Online*, 700 F. Supp. 3d 821, 828 (N.D. Cal. 2023) (citing *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496 (9th Cir. 2023)).

Plaintiff cannot show relatedness because he would have experienced the same purported privacy injury regardless of where he was located when he watched videos on the Website. The challenged conduct does not have "anything to do" with the U.S. *Picot*, 780 F.3d at 1215 (quoting *Walden*, 571 U.S. at 289-91) (brackets omitted). Rather, Plaintiff's privacy injuries are "entirely personal to him and would follow him wherever he might choose to live or travel." *Id.* at 1215; *see Chan v. UBS AG*, No. 18-cv-04211-JAK-FFM, 2019 WL 6825747, *8 (C.D. Cal. Aug. 5, 2019) (no specific jurisdiction in wiretap case because telephone calls by California plaintiff could have been made from anywhere in the world); *Ayer v. White*, No. 21-cv-08773-RSWL-RAO, 2022 WL 657502, at *5 (C.D. Cal. Mar. 4, 2022) ("Plaintiffs' injuries do not aid their jurisdictional argument

because Plaintiffs would have suffered the same loss in any state they happened to be in at the time Defendants committed their alleged misconduct in Texas."); *accord Frawley v. Nexstar Media Group, Inc.*, No. 1:23-CV-10384-AK, 2023 WL 6065768, at *4 (D. Mass. Sept. 18, 2023) (plaintiff's allegations that website solicited customers in Massachusetts to sign up and that plaintiff suffered harm in the State was "not related to the controversy" and "played no role in the 'train of events' that resulted in the alleged injury" under the VPPA).

### 3. Personal Jurisdiction Over the Fox Sports Defendants Does Not Comport With Fair Play and Substantial Justice.

Finally, it would be unreasonable for this Court to exercise jurisdiction over the Fox Sports Defendants, Australian companies, in a case that relates entirely to a third-party pixel added to the Website and configured in Australia.

In assessing the reasonableness of exercising personal jurisdiction, courts consider seven factors: "(1) the extent of a defendant's purposeful interjection; (2) burden on the defendant in defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998)).

The first, second, and seventh factors should control here. As discussed in Section III(B)(1)(a), *supra*, the level of "purposeful interjection" into the forum is low. The Fox Sports Defendants' connection to the forum is that the Website is accessible in California and individuals can sign up while in California. The same is true for every U.S. state and dozens of other countries.

Additionally, the burden on the Fox Sports Defendants, as Australian companies, to litigate in the United States, is entitled to great weight. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993). That is even more complicated

when the Fox Sports Defendants have no employees of their own and all witnesses are Australian-based employees of a non-party. *See* Ex. 1, Hefele Decl. ¶¶ 11-12. Furthermore, "[w]here […] the defendant is from a foreign nation rather than another state, the sovereignty barrier is high and undermines the reasonableness of personal jurisdiction." *Amoco Egypt Oil Co. v. Leonis Nav. Co.*, 1 F.3d 848, 852 (9th Cir. 1993). "[G]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Id.* citing *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 103 (1987).

Finally, and as detailed in the companion *forum non conveniens* motion filed by the Fox Sports Defendants and co-defendant the National Rugby League, an alternative forum exists for this dispute. *See* Joint Motion to Dismiss for Forum Non Conveniens. Plaintiff was on notice of this as well, because, like all users, he expressly agreed to Terms and Conditions when he signed up for the Website. Terms provide that "Your use of the Services and these Terms are governed by the laws in force in New South Wales, Australia. You submit to the non-exclusive jurisdiction of the courts exercising jurisdiction in New South Wales, Australia." Ex. 1, Hefele Decl. ¶¶ 17-20, Ex. A at ¶ 50 (emph. added).

On balance, the Court should therefore hold that it would be unreasonable to haul the Fox Sports Defendants into court in another country when they do not target their activities to California.

## CONCLUSION

For the foregoing reasons, the Court should grant the Fox Sports Defendants' Motion to Dismiss and dismiss this case for lack of personal jurisdiction.

Dated: December 5, 2024                    HOLLAND & KNIGHT LLP

By:  /s/ Ashley L. Shively
Ashley L. Shively

*Counsel for Defendants Fox Sports Australia Pty Limited and Fox Sports Streamco Pty Limited*