HOLLAND & KNIGHT LLP
Ashley L. Shively
560 Mission Street, Suite 1900
San Francisco, CA  94105
Telephone:  415.743.6900
Fax:  415.743.6910
E-mail: *ashley.shively@hklaw.com*

*Attorney for Defendants Fox Sports Australia*
*Pty Limited and Fox Sports Streamco Pty Limited*

BAKER & MCKENZIE LLP
Michael C. McCutcheon, *Admitted Pro Hac Vice*
One Prudential Plaza
130 East Randolph Drive, Suite 3100
Chicago, Illinois 60601
Telephone: 312.861.2825
Fax: 312.861.2899
Email: *michael.mccutcheon@bakermckenzie.com*

*Attorney for Defendant National Rugby League*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH BLAKELEY, on behalf of himself and all others similarly situated,<br><br>      Plaintiffs,<br><br>   v.<br><br>The NATIONAL RUGBY LEAGUE, an Australian Private Company, FOX SPORTS AUSTRALIA PTY LIMITED, an Australian Private Company, and FOX SPORTS STREAMCO PTY LIMITED, an Australian Private Company,<br><br>      Defendants. | Case No.: 3:24-cv-04923-VC<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS FOR FORUM NON CONVENIENS**<br><br>Judge: Hon. Vince Chhabria<br><br>Date: February 20, 2025<br>Time: 10:00 am<br>Place: Courtroom 4 – 17th Floor<br>Complaint Filed: August 9, 2024 |

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO DISMISS FOR FORUM NON CONVENIENS

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on Thursday, February 20, 2025 at 10:00 a.m. in Courtroom 4 – 17th Floor of the U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, or as soon thereafter as this matter may be heard, defendants Fox Sports Australia Pty Limited and Fox Sports Streamco Pty Limited ("Fox Sports Defendants") and National Rugby League (collectively "Defendants") will move the court for an order dismissing the Complaint filed by Plaintiff Josh Blakeley for forum *non conveniens*.

This motion to dismiss is based on this notice of motion, the memoranda of points and authorities and evidence cited therein, the concurrently-filed Declarations of Andrew Abdo and Cate Hefele,[1] and any additional documents, evidence or argument that the Court might allow.

---

[1] Hefele's Declaration is appended to the Fox Sports Defendants' concurrently-filed Motion to Dismiss for Lack of Personal Jurisdiction at ECF No. 26.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................................1

    I.      BACKGROUND ..............................................................................................2

          A.     The Parties .......................................................................................2

          B.     Use of the Website ...........................................................................3

    II.    LEGAL STANDARD ......................................................................................4

    III.   ARGUMENT ...................................................................................................4

          A.     Australia is an Available and Adequate Alternative Forum .............................4

          B.     The Private Interest Factors Favor Australia as a Forum for this Dispute.........5

               1.     Sources of Proof Are More Readily Accessed in Australia...................6

               2.     This Court Cannot Meaningfully Compel Unwilling Witnesses...........7

               3.     It Will Be Very Expensive to Bring Willing Witnesses from Australia to California...................................................................8

               4.     Other Factors Support That Trial Will be Easier, More Expeditious, and Less Expensive in Australia .....................................8

          C.     The Public Interest Factors Weigh in Favor of Dismissal .................................9

CONCLUSION.............................................................................................................................11

#512793821_v7                        - i -                      Case No.: 3:24-cv-04923-VC

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO DISMISS FOR FORUM NON CONVENIENS

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanta Corp. v. Dialogic Corp.*,
No. C 05-2895, 2006 WL 1156385 (N.D. Cal. May 2, 2006) ...................................................11

*In re Air Crash at Madrid, Spain, on Aug. 20, 2008*,
No. 10-02135, 2011 WL 1058452 (C.D. Cal. Mar. 22, 2011) ..................................................7

*Creative Tech., Ltd. v. Aztech Sys. Pte, Ltd.*,
61 F.3d 696 (9th Cir. 1995) ......................................................................................................5

*D.L. Markham, DDS, MSD, Inc. v. Variable Annuity Life Ins. Co.*,
No. 2:21-cv-00007-TLN-KJN, 2022 WL 891290 (E.D. Cal. Mar. 25, 2022) ..........................9

*Dowling v. Richardson-Merrell, Inc.*,
727 F.2d 608 (6th Cir. 1984) ..................................................................................................11

*First Interstate Bank v. VHG Aviation, LLC*,
291 F. Supp. 3d 1176 (D. Or. 2018) .........................................................................................9

*Fischer v. Magyar Államvasutak Zrt.*,
777 F3d 847 (7th Cir. 2015) .....................................................................................................5

*Glob. Med. Sols., Ltd. v. Simon*,
No. 12-cv-04686-MMM, 2013 WL 12371339 (C.D. Cal. Jan. 10, 2013) ................................5

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947) ..................................................................................................................7

*Herd v. Airbus SAS*,
No. 217CV05001SVWMRW, 2017 WL 6504162 (C.D. Cal. Dec. 11, 2017) ..........................8

*In re HVI Cat Canyon, Inc.*,
658 B.R. 558 (Bankr. C.D. Cal. 2024) ...................................................................................10

*Instituto Mexicano del Seguro Social v. Zimmer Biomet Holdings, Inc.*,
29 F.4th 351 (7th Cir. 2022) .....................................................................................................4

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
313 U.S. 487 (1941) ................................................................................................................10

*Kleiner v. Spinal Kinetics, Inc.*,
No. 5:15-cv-02179-EJD, 2016 WL 1565544 (N.D. Cal. Apr. 19, 2016) ............................6, 11

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO DISMISS FOR FORUM NON CONVENIENS

*In re Lindsay*,
    59 F.3d 942 (9th Cir. 1995) ................................................................................10

*Lockman Foundation v. Evangelical Alliance Mission*,
    930 F.2d 764 (9th Cir. 1991) ..................................................................................4

*Lueck v. Sundstrand Corp.*,
    236 F.3d 1137 (9th Cir. 2001) ............................................................................4, 5

*Payoda, Inc. v. Photon Infotech, Inc.*,
    No. 14-cv-04103-BLF, 2016 WL 1059515 (N.D. Cal. Mar. 17, 2016)....................9

*PennyMac Loan Servs., LL v. Black Knight, Inc.*,
    No. 2:19-cv-09526, 2020 WL 5985492 (C.D. Cal. Feb. 13, 2020) .........................9

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981)................................................................................4, 6, 10, 11

*Sandoval v. Carnival Corp.*,
    No. 12-CV-05517, 2014 WL 12585803 (C.D. Cal. Sept. 15, 2014) .......................7

*Tuazon v. R.J. Reynolds Tobacco Co.*,
    433 F.3d 1163 (9th Cir. 2006) .................................................................................4

*Urban Global v. Dibbsbarker*,
    No. 10-12615, 2011 WL 2802904 (E.D. Mich. July 18, 2011)................................7

*Vivendi SA v. T-Mobile USA Inc.*,
    586 F.3d 689 (9th Cir. 2009) ..............................................................................6, 10

*Wragge v. Boeing Co.*,
    No. 20-CV-04457, 2022 WL 4119777 (N.D. Ill. Sept. 9, 2022) .............................5

*Yei A. Sun v. Advanced China Healthcare, Inc.*,
    901 F.3d 1081 (9th Cir. 2018) .................................................................................4

*Zions First Nat'l Bank v. Moto Diesel Mexicana*,
    629 F.3d 520 (6th Cir. 2010) ..............................................................................6, 8

**Statutes**

18 U.S.C. § 2710..........................................................................................................3

28 U.S.C. § 1404..........................................................................................................9

28 U.S.C. § 1404(a) .....................................................................................................9

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO DISMISS FOR FORUM NON CONVENIENS

**Other Authorities**

Restatement (Second) of Conflict of Laws, § 187(1) ....................................................................10

**INTRODUCTION**

Plaintiff signed up to stream matches of Australia's National Rugby League online, and at the time of signup, agreed that disputes would be governed by Australian law and heard in Australia. Ignoring those contract provisions, Plaintiff filed this pixel lawsuit against three corporate entities who, unsurprisingly, are located in and operate in Australia. The employees and witnesses for Defendants are all located in Australia. All of their corresponding records and documents are located in Australia. Accordingly, California is not the proper forum for this case.

Plaintiff asserts a single claim against Defendants for violation of the Video Privacy Protection Act (VPPA) based on alleged data shared by the Facebook Pixel while he watched video content on WatchNRL.com, the streaming service operated by the Fox Sports Defendants.[2] Assuming for the sake of argument that Plaintiff could overcome the Australian choice of law provision, witnesses and other personnel who worked on the Website, or configured the Facebook Pixel, are all located in Australia. So are records and other potentially relevant documents. This places evidence far outside the jurisdiction of this Court.[3]  Even assuming necessary evidence can be obtained, moreover, there will be significant expense, burden, and delay to litigate this case in California while seeking relevant evidence in Australia. In addition to not having personal jurisdiction over Defendants, and without addressing the merits of Plaintiff's claim, this Court can and should dismiss Plaintiff's lawsuit because California is not the proper forum for this case and dismissal is appropriate.

---

[2] The "Fox Sports Defendants" refers collectively to defendants Fox Sports Australia Pty Limited and its wholly-owned subsidiary defendant Fox Sports StreamCo Pty Limited.
[3] Defendants are each simultaneously filing separate motions to dismiss for, *inter alia*, lack of personal jurisdiction.

## I.  BACKGROUND

### A.  The Parties

The Fox Sports Defendants operate the www.WatchNRL.com service (the "Website"). Declaration of Cate Hefele ("Hefele Decl."), attached as Exhibit 1 to the Fox Sports Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ¶ 5. The Website allows subscribers to stream rugby league matches organized by National Rugby League Limited ("NRL") and view related content such as scores and schedules. *Id.* at ¶ 12. The NRL has no involvement in the operation of the Website. *Id.* at ¶ 5.

The Fox Sports Defendants are organized under the laws of Australia, with their principal places of business in New South Wales, Australia. *Id.* at ¶ 6. The Fox Sports Defendants do not have an office or other place of business in California or in the United States, do not have a registered agent for service of process in California or any other U.S. state, do not own, use, or possess real or tangible personal property in California, and do not have bank accounts or pay taxes in the United States. *Id.* at ¶¶ 7-10. The Fox Sports Defendants have no employees. *Id.* at ¶ 11. Foxtel Group staff, including any involved in the day-to-day operations of the Website, and implementation and use of the Meta Pixel in connection with the Website, are employed by non-party Foxtel Management Pty Limited ("Foxtel"). *Id.* at ¶ 12. All Foxtel staff and any business records regarding use of the Meta Pixel on the Website, are located in Australia. *Id.*

Likewise, the NRL is registered and incorporated in Australia under Australian law.[4] Declaration of Andrew Abdo ("Abdo Decl."), attached as Exhibit 1, ¶ 3. NRL is neither a California corporation nor registered to conduct business in California. *Id.* NRL does not have an office, employees, or directors in California and does not own, use, or possess property in

---

[4] The NRL is a public company, erroneously described as a private company in the Complaint.

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO DISMISS FOR FORUM NON CONVENIENS

California. *Id.* at ¶ 4. All of NRL's employees are located in Australia, New Zealand or the Pacific Islands. *Id.*

Plaintiff is a resident of El Cajon, California. ECF No. 1 ¶ 8. In or about July 2023, Plaintiff signed up for a 12-month subscription plan through the Website. *Id.* He alleges that "Defendants" collectively placed the Facebook Pixel on the Website, which allowed Facebook to collect information about Plaintiff's video viewing history on the Website. *Id.* at ¶¶ 28-41. He asserts one cause of action against the three Defendants for violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq*. on behalf of himself and the putative class. *Id*. at ¶¶ 68-76.

### B. Use of the Website

To view content or stream videos on the Website, a user must sign up for a subscription and create an account on the Website. Hefele Decl. ¶ 17. To create an account, the user must check a box stating, "I agree to the <u>Terms and Conditions</u> and acknowledge that my personal information will be treated by FOX SPORTS in accordance with the FOX SPORTS <u>Privacy Policy</u> and by the NRL in accordance with the NRL <u>Privacy Policy</u>." *Id.* The disclosure includes a direct link to relevant documents. *Id.* A user cannot "Continue" in the account creation process unless and until the user affirmatively checks the box affirming their agreement to the Terms and Conditions and Privacy Policies. *Id.* at ¶ 18. Plaintiff, like all users, necessarily followed these account creation steps and affirmatively agreed to the Terms and Conditions when he subscribed to the Website.

The Terms and Conditions provide that "Users of the Service (users or you) agree to be bound by these terms and conditions (Terms) and the Privacy Policies of FOX SPORTS and NRL." *Id.* at Ex. A ¶ 2. The Terms and Conditions further provide that "<u>Your use of the Services and these Terms are governed by the laws in force in New South Wales, Australia. You submit to the non-exclusive jurisdiction of the courts exercising jurisdiction in New South Wales, Australia.</u>" *Id.* at Ex. A ¶ 50 (emph. added).

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO DISMISS FOR FORUM NON CONVENIENS

## II.  LEGAL STANDARD

"A party moving to dismiss on grounds of *forum non conveniens* must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991). Where the balance of conveniences shows that trial would be unnecessarily burdensome on the defendant, dismissal is proper. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 n.23 (1981). Such is the case here.

## III. ARGUMENT

### A.  Australia is an Available and Adequate Alternative Forum

Australia is frequently recognized by U.S. courts as an available and adequate forum, and it is for the instant dispute. "[A]n alternative forum is available where the defendant is amenable to service of process and the forum provides 'some remedy' for the wrong at issue." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006) (citation omitted). "It is the availability of a remedy that matters, not predictions of the likelihood of a win on the merits." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1092 (9th Cir. 2018). *See also Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001) ("The district court was not required to ask whether Plaintiffs could bring this lawsuit in New Zealand, but rather, whether New Zealand offers a remedy for their losses."); *Instituto Mexicano del Seguro Social v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351, 358–59 (7th Cir. 2022) (explaining differences in law between Australia and U.S. did not render Australia "less adequate").

A forum is only inadequate when it "does not permit litigation of the subject matter of the dispute." *Piper Aircraft*, 454 U.S. at 255 n.22 (explaining Scotland was not an inadequate forum merely because it did not recognize products liability claim or prohibited suits for wrongful death by non-relatives like the plaintiff); *Lockman Found.*, 930 F.2d at 768–69 (affirming that Japan was

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO DISMISS FOR FORUM NON CONVENIENS

an adequate forum even if RICO and Lanham Act claims were unavailable). The foreign procedure need not be identical to that offered in the U.S. *See, e.g., Lueck*, 236 F3d at 1143 (holding that a remedy in an administrative forum may suffice); *Fischer v. Magyar Államvasutak Zrt.*, 777 F3d 847, 868 (7th Cir. 2015) (lack of class action procedure and "loser pays" fee-shifting mechanism did not render Hungary inadequate forum). And "[a] court may dismiss on forum non conveniens grounds even though the foreign forum does not provide the same range of remedies as are available in the home forum." *Creative Tech., Ltd. v. Aztech Sys. Pte, Ltd.*, 61 F.3d 696, 701–02 (9th Cir. 1995); *Wragge v. Boeing Co.*, No. 20-CV-04457, 2022 WL 4119777, at \*6 (N.D. Ill. Sept. 9, 2022) (dismissing lawsuit for forum non conveniens in favor of Australia where plaintiffs would have avenue for redress, despite potential differences between U.S. and Australian courts).

Australia is an adequate alternative forum for Plaintiff's privacy claim. All defendants are headquartered there, and accordingly, amenable to process. Australia has its own privacy laws (*e.g.* The Privacy Act of 1988) and a common law judicial system that recognizes claims such as breach of confidence, defamation, and serious invasions of privacy. "Because the Australian causes of action are comparable to those plaintiffs assert here, this case does not present the 'rare circumstance' in which the remedy provided by the foreign forum is clearly inadequate." *Glob. Med. Sols., Ltd. v. Simon*, No. 12-cv-04686-MMM (FMOx), 2013 WL 12371339, at \*6 (C.D. Cal. Jan. 10, 2013). Accordingly, Australia is an adequate and available forum for this claim.

### B. The Private Interest Factors Favor Australia as a Forum for this Dispute

Once a court determines that the alternative forum is adequate and available, the court must evaluate the relevant public and private interest factors. The relevant private factors for the "balance of conveniences" inquiry include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; … and all other practical problems that make trial of a case easy,

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO DISMISS FOR FORUM NON CONVENIENS

expeditious and inexpensive." *Piper Aircraft*, 454 U.S. at 241 n.6. *See also Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 695 (9th Cir. 2009) (listing same factors). Here, those factors weigh heavily in favor of Australia as the proper forum for this dispute.

### 1.  Sources of Proof Are More Readily Accessed in Australia

*First*, most, if not all, of the evidence in this case is in Australia, and thus more easily accessible there. Plaintiff's claims arise out of the operation of the Website and the implementation of the Meta Pixel on the Website. Foxtel Group staff, including any involved in the day-to-day operations and maintenance of the Website and use of the Meta Pixel in connection with the Website, are employed by non-party Foxtel. Hefele Decl. ¶ 12. All Foxtel staff are located in Australia, as are any business records regarding use of the Meta Pixel on the Website. *Id.*

It would be very inconvenient and burdensome for the Defendants to marshal the participation of non-party employees and other Australian witnesses to participate in this case remotely, as Sydney is 19 hours ahead of California. And it would be expensive and inconvenient for witnesses to travel to California. A non-stop flight from Sydney to San Francisco is 13 hours and 45 minutes and costs range from $1,393.77 to $2,358.75.[5] The individuals who were involved with the Website and Meta Pixel are crucial witnesses to the issue of how the Meta Pixel was configured and used on the Website, and the alleged subsequent disclosure of users' personal information. The pursuit of this litigation in Australia, where they are located, is accordingly more appropriate. *Kleiner v. Spinal Kinetics, Inc.*, No. 5:15-cv-02179-EJD, 2016 WL 1565544, at *4 (N.D. Cal. Apr. 19, 2016) ("courts have reasoned that dismissal on the grounds of forum non conveniens may be appropriate if certain 'critical witnesses' are beyond its jurisdictional reach.").

---

[5] Prices listed at $2,168 AUS and $3,669 AUS. Quantas Flight Bookings, https://book.qantas.com/qf-booking/dyn/air/booking/ (search round-trip flight prices from "SYD" to "SFO").

**2.  This Court Cannot Meaningfully Compel Unwilling Witnesses**

*Second*, to the extent any Foxtel employees, former employees or independent contractors of Defendants are needed as witnesses, the availability, or lack thereof, of compulsory process weighs in favor of dismissal. Because both the United States and Australia are signatories to the Hague Convention, taking evidence cross-border is governed by its terms. Although the Hague Convention provides the means for pursuing evidence, it calls for a lengthy process via "Letters of Request."[6] District courts recognize that requiring parties to use letters of request to obtain access to evidence is time consuming and expensive. *See Sandoval v. Carnival Corp.,* No. 12-CV-05517, 2014 WL 12585803, at \*7 (C.D. Cal. Sept. 15, 2014) (noting inconvenience of relying on Hague Convention for discovery). *See also Urban Global v. Dibbsbarker*, No. 10-12615, 2011 WL 2802904, at \*6 (E.D. Mich. July 18, 2011) ("[T]he process of obtaining evidence through letters rogatory is 'a difficult and time-consuming – if not altogether futile – endeavor' and one that is 'notoriously inefficient.'") (quoting *In re Air Crash at Madrid, Spain, on Aug. 20, 2008*, No. 10-02135, 2011 WL 1058452, at \*9 (C.D. Cal. Mar. 22, 2011) (citations omitted)).

Further, when it comes time for trial, "[u]nder the Hague Convention, a defendant cannot compel live testimony, so the Court would have to rely on deposition transcripts." *In re Air Crash at Madrid, Spain, on Aug. 20, 2008*, 2011 WL 1058452, at \*9. "A trial location in which a party must rely on deposition transcripts creates an unsatisfactory condition." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947). With the inability to timely or meaningfully pursue pre-trial discovery or bring witnesses to testify at trial, the parties will have no effective way to access unwilling Australian witnesses or sources of proof in this forum. *Herd v. Airbus SAS*, No. 217CV05001SVWMRW, 2017 WL 6504162, at \*4 (C.D. Cal. Dec. 11, 2017).

---

[6] Australia made a declaration pursuant to Article 23 of the Hague Convention that places limitations on the scope of allowable pretrial discovery.

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS FOR FORUM NON CONVENIENS

**3.   It Will Be Very Expensive to Bring Willing Witnesses from Australia to California**

*Third*, the steep cost of obtaining attendance at trial of willing witnesses that would be imposed on Defendants is burdensome and favors Australia as the proper forum for this dispute. Each of the three Defendants will most likely require multiple witnesses, versus the cost of Plaintiff alone traveling to Australia, if necessary, to prosecute his case. The cost of transportation to the U.S. of multiple corporate witnesses, employees, or other willing witnesses for all three corporate Defendants would be expensive and time-consuming. A non-stop flight from Sydney to San Francisco is nearly 14 hours and over $1,000 USD. The availability of direct flights are limited, and otherwise one-to-two stops are needed to complete the trip. The cost on Defendants to litigate in California will be vastly larger than the cost on Plaintiff to litigate in Australia. *See, e.g. Zions First Nat'l Bank v. Moto Diesel Mexicana*, 629 F.3d 520, 526 (6th Cir. 2010) ("The cost of travel and obtaining testimony of witnesses is an appropriate consideration in … determining whether the [plaintiff's forum] oppresses the defendant.").

**4.   Other Factors Support That Trial Will be Easier, More Expeditious, and Less Expensive in Australia**

*Finally,* the remaining factor — evaluating other practical problems that make trial of a case easy, expeditious, and inexpensive — also points toward dismissal. It would be very inconvenient and burdensome for Defendants' representatives or any other Australian witnesses to participate in this case remotely, at a minimum, due to the time change between Sydney, Australia and California. Aside from the inability to obtain live testimony from witnesses and the large expense in flying them to California, just the mere coordination and preparation with individuals located in Australia via email, Zoom, or phone calls proves difficult.

Additionally, courts frequently weigh permissive forum-consent clauses, like the one in the Terms and Conditions here, as a "significant factor" favoring a transfer under 28 U.S.C. § 1404(a).

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO DISMISS FOR FORUM NON CONVENIENS

*D.L. Markham, DDS, MSD, Inc. v. Variable Annuity Life Ins. Co.*, No. 2:21-cv-00007-TLN-KJN, 2022 WL 891290, at \*9 (E.D. Cal. Mar. 25, 2022) (collecting cases). Although this is not a venue-transfer case, the reasoning is still persuasive, as § 1404 codifies the doctrine of forum non conveniens and assesses the same private and public interest factors. Therefore, Plaintiff;s agreement to "the non-exclusive jurisdiction of the courts exercising jurisdiction in New South Wales, Australia" in the Terms and Conditions strongly favors dismissal. *See First Interstate Bank v. VHG Aviation, LLC*, 291 F. Supp. 3d 1176, 1184 (D. Or. 2018) (when two parties expressly agree to a permissive forum-consent clause, and one party sues the other, "it would thwart the first party's bargain and legitimate expectations if the second party were to obtain a transfer to a different forum merely because the second party persuaded a court that the other forum would be more convenient"); *PennyMac Loan Servs., LL v. Black Knight, Inc.*, No. 2:19-cv-09526, 2020 WL 5985492, at \*7 (C.D. Cal. Feb. 13, 2020) (permissive forum-consent clause a "significant factor" in the court's decision to grant defendants' motion to transfer).

All of the private factors therefore weigh heavily in favor of finding Australia the proper forum for this dispute. *See Payoda, Inc. v. Photon Infotech, Inc.*, No. 14-cv-04103-BLF, 2016 WL 1059515, at \*5 (N.D. Cal. Mar. 17, 2016).

## C.  *The Public Interest Factors Weigh in Favor of Dismissal*

The relevant public factors likewise support dismissal. These factors include [1] the "administrative difficulties flowing from court congestion; [2] the 'local interest in having localized controversies decided at home'; [3] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; [4] the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and [5] the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft*, 454 U.S. at 241 n.6. *See also Vivendi SA*, 586 F.3d at 695 (listing same factors).

Starting with the more consequential and dispositive third and fourth public interest factors: "the Court must determine the substantive law that governs Plaintiff's claims." *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The Terms and Conditions Plaintiff agreed to state that use of the Website is "governed by the laws in force in New South Wales, Australia." Hefele Decl. at Ex. A ¶ 50. "The law of the state chosen by the parties to govern their contractual rights and duties will be applied…" Restatement (Second) of Conflict of Laws, § 187(1).[7] "When the parties have made such a choice, they will usually refer expressly to the state of the chosen law in their contract, and this is the best way of insuring that their desires will be given effect." Restatement (Second) of Conflict of Laws, § 187, comment a. By creating an account on the Website, Plaintiff agreed to the Terms and Conditions. The Terms and Conditions provide that Plaintiff's use of the Website is governed by Australian law. Therefore, a court — even one in California — must apply Australian law to Plaintiff's claim.

"When a [U.S.] court has to apply foreign law, the public interest factors point towards dismissal." *Piper*, 454 U.S. at 252; *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 615 (6th Cir. 1984) (holding the public interest factors strongly favor dismissal when a court will have to apply foreign tort law unfamiliar to it). *See also Kleiner*, 2016 WL 1565544, at *7. Avoidance of application of Australian law by California courts, as well as the unfair burden to California citizens serving on jury duty with an Australian dispute applying Australian law, favors dismissal.

Similarly, the local interest factor favors Australia. Plaintiff asserts a claim against Australian companies and takes issue with the alleged conduct of those Australian companies,

---

[7] "In federal question cases with exclusive jurisdiction in federal court, … the court should apply federal, not forum state, choice of law rules." *In re Lindsay*, 59 F.3d 942, 948 (9th Cir. 1995). "Federal choice of law rules follow the Restatement (Second) of Conflict of Laws." *In re HVI Cat Canyon, Inc.*, 658 B.R. 558, 575 (Bankr. C.D. Cal. 2024).

occurring in Australia. Australian courts have a much stronger interest in deciding this controversy than a California court. *Advanta Corp. v. Dialogic Corp.*, No. C 05-2895, 2006 WL 1156385, at *6 (N.D. Cal. May 2, 2006) ("It would be inappropriate to expend the resources of this Court to resolve a dispute that has such a tenuous connection to California.").

## CONCLUSION

Australia is an adequate and available forum for this dispute, and the great weight of the public and private factors favor dismissal. For the foregoing reasons, the Court should grant Defendants' Joint Motion to Dismiss and dismiss this case on the ground of forum non conveniens.

HOLLAND & KNIGHT LLP

By: _/s/ Ashley L. Shively_____
Ashley L. Shively

*Counsel for Defendants Fox Sports Australia Pty Limited and Fox Sports Streamco Pty Limited*

BAKER & MCKENZIE LLP

By: __/s/ Michael C. McCutcheon_____
Michael C. McCutcheon

*Counsel for Defendant National Rugby League*