Michael McCutcheon, *Admitted Pro Hac Vice*
michael.mccutcheon@bakermckenzie.com
Colleen E. Baime (State Bar No. 296770)
colleen.baime@bakermckenzie.com
**BAKER & McKENZIE LLP**
300 East Randolph St., Suite 5000
Chicago, Illinois 60601
Telephone:  312.861.2825
Facsimile:   312.698.2277

Nancy Sims (State Bar No. 215869)
nancy.sims@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, California 90067
Telephone:  310. 616.5734
Facsimile:   310.201.4721

Attorneys for Defendant
National Rugby League Limited

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSH BLAKELEY, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> The NATIONAL RUGBY LEAGUE LIMITED, an Australian Private[1] Company, FOX SPORTS AUSTRALIA PTY LIMITED, an Australian Private Company, and FOX SPORTS STREAMCO PTY LIMITED, an Australian Private Company, <br><br> Defendants. | Case No. 3:24-cv-04923-VC <br><br> Complaint Filed: August 9, 2024 <br><br> **DEFENDANT NATIONAL RUGBY LEAGUE LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1), (2) and (6); SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Hearing Date:  February 20, 2025 <br> Time:            10:00 a.m. <br> Ctrm.:           4 – 17th Floor <br> Judge:           The Honorable Vince Chhabria <br> Location:       San Francisco Courthouse <br> 450 Golden Gate Avenue <br> San Francisco, CA  94102 |

---

[1] National Rugby League Limited is an Australian Public Company, erroneously described as a private company.

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on **February 20, 2025 at 10:00 a.m.**, or as soon thereafter as the matter can be heard before the Honorable Vince Chhabria in Courtroom 4, 17th Floor, of the United States District Courthouse located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant National Rugby League Limited ("NRL") will and hereby does move for an order dismissing with prejudice the Class Action Complaint filed by Plaintiff Josh Blakeley ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).

NRL seeks dismissal because:

(i)     Plaintiff lacks Article III standing in the absence of a concrete and particularized injury that is traceable to NRL's actions.

(ii)    The Court lacks personal jurisdiction over NRL.

(iii)   Plaintiff fails to establish a case under the Video Privacy Protection Act against NRL.

Thus, this Motion should be granted with prejudice.

This Notice of Motion and Motion are supported by the attached Memorandum of Points and Authorities, the records and files in this case, other matters of which the Court takes judicial notice, Proposed Order filed in support herewith, and such other written or oral argument as may be presented at or before the time the Court takes this Motion under submission.

## REQUESTED RELIEF

NRL seeks an order from this Court dismissing with prejudice the "Cause of Action – Violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.*" from the case and awarding NRL's attorneys' fees and costs incurred in this matter, pursuant to 28 U.S.C. §§ 1919 and 1927, and this Court's inherent authority.

Dated: December 5, 2024

**BAKER & McKENZIE LLP**

By: */s/ Michael McCutcheon*

Michael McCutcheon
*(admitted Pro Hac Vice)*
Colleen Baime
Attorneys for Defendant
National Rugby League Limited

1

CASE NO. 3:24-cv-04923-VC
DEFENDANT NATION RUGBY LEAGUE'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

**Page No.**

NOTICE OF MOTION AND MOTION TO DISMISS ................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.      INTRODUCTION ..................................................................................................... 1

II.     FACTS ....................................................................................................................... 2

        A.      Plaintiff Purposefully Conflates The Defendant Entities............................... 2

        B.      Plaintiff Subscribed And Consented To Watch NRL Terms Of Use And
                Privacy Policy. ............................................................................................... 2

        C.      Plaintiff's Failed Attempt To Plead That NRL Is A "Video Tape Service
                Provider" Under The VPPA. ........................................................................... 3

        D.      Plaintiff's Failed Attempt To Establish that NRL Knowingly Used The Meta
                Pixel To Send Personal Information To Meta.................................................. 3

III.    LEGAL STANDARD OF REVIEW .......................................................................... 4

        A.      Applicable Standards Under Rule 12(b)(1)..................................................... 4

        B.      Applicable Standards Under Rule 12 (b)(2).................................................... 4

        C.      Applicable Standards Under Rule 12(b)(6)..................................................... 5

IV.     LEGAL ARGUMENT ............................................................................................... 5

        A.      Plaintiff Fails To Establish Article III Standing By Engaging In
                Impermissible Group Pleading........................................................................ 5

        B.      Plaintiff Does Not And Cannot Allege That This Court Has General
                Jurisdiction Over NRL. ................................................................................... 6

        C.      This Court Lacks Specific Jurisdiction Over Non-Resident NRL. .................. 7

        D.      Exercising Specific Jurisdiction Over NRL Would Not Comport With
                Notions Of Fair Play And Substantial Justice. ............................................... 9

        E.      This Court Should Dismiss Plaintiff's VPPA Claims For Failure To State
                A Claim. ........................................................................................................ 10

                1.      Plaintiff fails to sufficiently plead that NRL is a "video tape service
                        provider" under the VPPA. ................................................................ 11

                2.      Plaintiff fails to plausibly allege NRL "Knowingly" disclosed
                        Plaintiff's PII. ................................................................................... 12

                3.      Assuming any purported PII disclosures were made, they are subject
                        to an exception under the VPPA. ...................................................... 13

V.      CONCLUSION........................................................................................................ 14

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aaron Data Sys. v. GLD Int'l, Inc.*,
No. 17-62111-CIV,  2018 WL 1973653 (S.D. Fla. Mar. 23, 2018)........................................ 10

*AMA Multimedia, Ltd. Liab. Co. v. Wanat*,
970 F.3d 1201 (9th Cir. 2020)....................................................................................... 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................................... 5

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
874 F.3d 1064 (9th Cir. 2017)....................................................................................... 4

*Azad v. Tokio Marine HCC–Med. Ins. Svcs. LLC*,
17-cv-00618-PJH, 2017 WL 3007040 (N.D. Cal. July 14, 2017) ........................................ 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................................... 5

*Body Fit Training USA Inc. v. F45 Training PTY Ltd.*,
No. CV 20-cv-07081-AB (PJW),  2020 WL 8372966 (C.D. Cal. Dec. 3, 2020) ................... 10

*Bristol-Myers Squibb Co. v. Super. Ct.*,
582 U.S. 255 (2017)................................................................................................... 4, 5

*Calder v. Jones*,
465 U.S. 783 (1984)....................................................................................................... 7

*Cantu v. Tapestry, Inc.*,
No. 22-cv-1974-BAS-DDL,  2023 WL 4440662
(S.D. Cal. July 10, 2023).............................................................................................. 12

*Cantu v. Tractor Supply Co.*,
No. 2:23-cv-3027-HDV-JC, 2024 WL 1601257
(C.D. Cal. Mar. 21, 2024) ............................................................................................. 11

*Carrol v. General Mills, Inc.*,
No. 23-cv-1746-DSF-MRW, 2023 WL 6373868 (C.D. Cal. Sept. 1, 2023) ......................... 12

*Easter v. American West Financial Co.*,
381 F.3d 948 (9th Cir. 2004).......................................................................................... 6

*Epes v. Sidden*,
No. 22-15219, 2023 WL 5318469 (9th Cir. Aug. 18, 2023)................................................ 7

*F. Hoffman-La Roche, Ltd. v. Superior Court*,
    130 Cal. App. 4th 782 (2005)....................................................................................... 10

*Freelancer Int'ly v. Doe,*.
    No. 16-cv-07070-JCS, 2017 U.S. Dist. LEXIS 11680
    (N.D. Cal. January 26, 2017) ..................................................................................... 8, 9

*Gauvin v. Trombatore*,
    682 F. Supp. 1067 (N.D. Cal. 1988) ............................................................................. 5

*Gomez v. Magliocco Grp. Inc.*,
    No. 21-cv-07148-VC, 2022 WL 1537938 (N.D. Cal. Apr. 22, 2022) ................................... 12

*Green v. First Tenn. Bank Nat'l Ass'n*,
    No. 5:21-cv-01868-EJD, 2021 WL 4846952
    (N.D. Cal. Oct. 18, 2021) ......................................................................................... 1, 4

*Gutierrez v. Dep't of Child. & Fam. Servs. (DCFS)*,
    No. 2:21-cv-08238-JLS-E, 2023 WL 4205816
    (C.D. Cal. May 12, 2023)............................................................................................ 6

*Hardwick v. 3M Company*,
    87 F.4th 315 (6th Cir. 2023).......................................................................................... 6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408, 104 S. Ct. 1868 (1984)............................................................................ 7

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
    72 F.4th 1085 (9th Cir. 2023)........................................................................................ 8

*In re Hulu Priv. Litig.*,
    86 F. Supp. 3d 1090 (N.D. Cal. 2015) ......................................................................... 12

*Hungerstation LLC v. Fast Choice LLC*,
    No. 19-CV-05861-HSG, 2020 WL 137160 (N.D. Cal. Jan. 13, 2020).................................... 9

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945).................................................................................................... 4

*LNS Enters. LLC v. Cont'l Motors, Inc.*,
    22 F.4th 852 (9th Cir. 2022).......................................................................................... 7

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ............................................... 4

*Lumascape USA, Inc. v. Vertex Lighting, Inc.*,
    No. C 05-04809 WHA, 2006 WL 825411
    (N.D. Cal. Mar. 29, 2006) ......................................................................................... 10

CASE NO. 3:24-cv-04923-VC
DEFENDANT NATION RUGBY LEAGUE'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

*Massie v. GM Co.*,
  No. 1:20-cv-01560-JLT, 2021 U.S. Dist. LEXIS 99945
  (E.D. Cal. May 25, 2021) ................................................................................................... 8

*Matus v. Premium Nutraceuticals, LLC*,
  715 Fed. Appx. 662 (9th Cir. Mar. 16, 2018) .................................................................... 9

*Millare v. Bank of Am., N.A.*,
  No. CV 21-8398 PA, 2022 WL 1434109 (C.D. Cal. Apr. 1, 2022) .................................... 13

*Mollett v. Netflix, Inc.*,
  No. 5:11-CV-01629-EJD, 2012 WL 3731542 (N.D. Cal. Aug. 17, 2012) ........................... 12

*Perez v. Wells Fargo & Co.*,
  No. C 14-0989 PJH, 2015 WL 1887354 (N.D. Cal. Apr. 24, 2015) .................................... 6

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) .................................................................................. 7, 8, 9

*Resnick v. Hyundai Motor Am., Inc.*,
  No. CV16-00593-BRO, 2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ............................... 13

*Rivelli v. Hemm*,
  67 Cal. App. 5th 380 (2021) .............................................................................................. 10

*S&S Worldwide, Inc. v. Wells Fargo Bank*,
  509 F. Supp. 3d 1154 (N.D. Cal. 2020) ............................................................................. 13

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) .............................................................................................. 7

*Skurkis v. Montelongo*,
  No. 16-CV-0972 YGR, 2016 WL 4719271 (N.D. Cal. Sept. 9, 2016) ................................. 8

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ........................................................................................................... 4

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) .............................................................................................. 9

*Telegroup, Inc. v. Tech Pac. Holdings*,
  No. 01-0652, 2002 Iowa App. 2002 WL 31882867 (Ct. App. Dec. 30, 2002) ..................... 10

*ThermoLife Int'l, LLC v. NetNutri.com LLC*,
  813 Fed. Appx. 316 (9th Cir. July 23, 2020) ..................................................................... 9

*TransUnion LLC v. Ramirez*,
  594 U.S. 413, S. Ct. 2190, 2205, 210 L. Ed. 2d 568 (2021) ............................................... 4

iv

*Walden v. Fiore,*
   571 U.S. 277 (2014) ............................................................................................... 4

*Wehlage v. EmPres Healthcare, Inc.,*
   791 F. Supp. 2d 774 (N.D. Cal. 2011) .................................................................. 6

*Winsor v. Sequoia Benefits & Ins. Servs., LLC,*
   62 F.4th 517 (9th Cir. 2023)................................................................................. 6

*X Corp. v. Centre. for Countering Digit. Hate Ltd.,*
   724 F.Supp.3d 921 (2024)..................................................................................... 9

**Statutes**

18 U.S.C.§ 2710 ..........................................................................................*passim*

28 U.S.C. § 1919 .................................................................................................. 1

28 U.S.C. § 1927 .................................................................................................. 1

**Other Authorities**

Federal Rule of Civil Procedure 8................................................................... 5, 6

Federal Rule of Civil Procedure 12 .............................................................*passim*

S. Rep. No. 100599 (1988)................................................................................. 14

v

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Defendant National Rugby League Limited ("NRL") is responsible for administering the game of rugby league in Australia.  Plaintiff Josh Blakeley ("Plaintiff") brings this lawsuit on behalf of a putative class of plaintiffs who subscribed to the website www.watchnrl.com ("Watch NRL") to watch Australian rugby league games, highlights, and related shows. (Compl. ¶ 2).  Plaintiff alleges that Watch NRL (not NRL itself) has unlawfully transmitted to Meta Platforms Inc. (formerly known as Facebook), his personally identifiable information ("PII"), including a record of the videos Plaintiff watched when using the Watch NRL website. (Compl. ¶ 5).  Plaintiff alleges a single cause of action for violation of the Video Privacy Protection Act ("VPPA"), and seeks statutory damages of $2500.  Plaintiff alleges no actual damages as a result of NRL's actions.

Plaintiff's claim must be dismissed for several reasons.  *First*, Plaintiff lacks Article III standing to sue NRL because he has not pled a concrete and particularized injury that is traceable to NRL's actions, but instead improperly "group pleads" that all "Defendants" have violated the VPPA.  *Second*, this Court lacks general personal jurisdiction over NRL, which Plaintiff admits is an Australian company headquartered in New South Wales, Australia. (Compl. ¶ 9).  *Second*, this Court lacks specific personal jurisdiction because Plaintiff has not pled that the actions that form the bases of the VPPA violation occurred in California, and NRL does not have sufficient minimum contacts with the state to justify this Court's exercise of personal jurisdiction.

*Finally*, Plaintiff fails to state a claim against NRL under the VPPA.  To maintain claims under the VPPA, Plaintiff must plead facts showing that: (1) NRL is a "video tape service provider"; (2) NRL disclosed the specific videos Plaintiff watched along with his PII; and (3) that NRL had actual knowledge it was transmitting that particular information to Meta.  Plaintiff fails to plausibly allege all three statutory requirements because the Complaint lacks any actionable factual allegations and is instead replete with conclusory statements.  Because these failures cannot be remedied as to NRL, the Court should grant NRL's motion to dismiss with prejudice.

## II.   SUMMARY OF RELEVANT FACTS

### A.   Plaintiff Purposefully Conflates The Defendant Entities.

NRL is an Australian public corporation headquartered in New South Wales, Australia. (Compl. ¶ 9).Throughout his Complaint, Plaintiff intentionally conflates NRL with the other two foreign Defendants, who are also headquartered in New South Wales, Australia—Fox Sports Australia Pty Limited and Fox Sports Streamco Pty Limited ("Fox Sports") — in an improper attempt to cobble together a claim. (Compl. ¶ 9-11). In doing so, Plaintiff makes incorrect and *conclusory allegations* that "Defendants operate a partnership, doing business as Watch NRL," and that each Defendant is "directly involved in and jointly responsible for Watch NRL's conduct." (Compl. ¶ 2, 13). Plaintiff, however, fails to plead *plausible facts* to establish that NRL— who is responsible for administering the game of rugby league in Australia —is itself responsible for an international video streaming site's operations. In fact, Watch NRL's "Terms of Use" explicitly state that Defendant Fox Sports is the operator of the Watch NRL streaming service (*See* Section B *infra*).

### B.   Plaintiff Subscribed And Consented To Watch NRL Terms Of Use And Privacy Policy.

In or about July 2023, Plaintiff, who resides in El Cajon, California, signed up for a 12-month subscription to access Watch NRL's live streams and library of prerecorded videos. (Compl. ¶ 8). To create an account, Plaintiff was required to access the "Sign Up" subscription page of the website www.watchnrl.com. (Request for Judicial Notice ("RFJN"), Ex. 1). Plaintiff was then required to click the "SUBSCRIBE" button in the top right-hand corner, directing him to the Watch NRL "Terms of Use," (*Id.*, Ex. 2, at p. 1), which state:

> 1. **FOX SPORTS StreamCo Pty Limited**, *a wholly owned subsidiary of FOX SPORTS Australia Pty Limited (**FOX SPORTS**, we or our), **is the operator of the Watch NRL service (the Service)**. The Service is a collaboration between FOX SPORTS and National Rugby League Limited (NRL).*

> 2. *Users of the Service (users or you) agree to be bound by these terms and conditions (Terms) and the Privacy Policies of FOX SPORTS and NRL:*

2

Point 50 in the "General" section of the Terms of Use states as follows:

> *Your use of the Service and these Terms are governed by the laws in force in New South Wales, Australia. You submit to the non-exclusive jurisdiction of the courts exercising jurisdiction in New South Wales, Australia.*
> (Ex. 2 at p.7).

### C.    Plaintiff Failed To Plead That NRL Is A "Video Tape Service Provider" Under The VPPA.

Plaintiff alleges in conclusory fashion that Watch NRL is a "video tape service provider" because it is "engaged in the business, in or affecting interstate commerce, of . . . delivery of prerecorded . . . audiovisual materials" simply by quoting directly from statute. 18 U.S.C.§ 2710(a)(4). (Compl. ¶¶ 69). However, Plaintiff fails to plead a single *fact* supporting such description of *NRL's business*. To be sure, Plaintiff fails to plead that NRL does anything beyond managing rugby league games in Australia which are showcased on Watch NRL, and provides no *facts* to plausibly establish that NRL is a "video tape service provider" under the VPPA. *See generally* Compl.

### D.    Plaintiff's Failed To Plead That NRL Knowingly Used The Meta Pixel To Send Personal Information To Meta.

The Meta Tracking Pixel is a code that advertisers can integrate into their website to understand the actions taken by website users. (Compl. ¶ 24). The purpose of the Meta Pixel is not to create lists of website users video-viewing, but to facilitate targeted advertising. (Compl. ¶ 37). Plaintiff does not plead any facts that could plausibly establish that NRL installed Meta Pixel on Watch NRL, or made any advertising attempts or efforts using Plaintiff's PII.

Plaintiff also fails to plead any factual basis for his conclusion that "NRL has and had exclusive knowledge that Watch NRL's website incorporates the Meta Pixel, and other tracking tools, and the information those pixels and tools are configured to collect and disclose." (Compl. ¶ 53). Plaintiff instead makes only blanket allegations against all Defendants, including NRL, that Plaintiff and other class members "were deceived" and "could not reasonably discover Defendants' unlawful conduct." (Compl. ¶ 51).

3

## III.    LEGAL STANDARD OF REVIEW

### A.    Applicable Standards Under Rule 12(b)(1)

Article III standing under Rule 12(b)(1) requires a plaintiff to show: (1) a concrete, particularized, and actual or imminent injury; (2) likely caused by the defendant; and (3) likely redressable by judicial relief. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  The Supreme Court has held that "under Article III, an injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 414, 141, S. Ct. 2190, 2205, 210 L. Ed. 2d 568 (2021); *accord Spokeo, Inc. v. Robins*, 578 U.S. 330, 331 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation.").  A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.*

### B.    Applicable Standards Under Rule 12 (b)(2)

The Fourteenth Amendment's Due Process Clause mandates that to exercise personal jurisdiction, plaintiff must show that defendant, as a non-resident, has certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Courts recognize "two types of personal jurisdiction 'general' jurisdiction and 'specific' jurisdiction." *Bristol-Myers Squibb Co. v. Super. Ct.,* 582 U.S. 255, 262, (2017)). Here, Plaintiff fails to adequately allege the existence of either.

Establishing general jurisdiction is a high bar, requiring a defendant's contacts with the forum state to be so "substantial or continuous and systematic" that they are "at home" in the state. See *Green v. First Tenn. Bank Nat'l Ass'n,* No. 5:21-cv-01868-EJD, 2021 WL 4846952 at *3 (N.D. Cal. Oct. 18, 2021). Plaintiff does not even attempt to plead these facts.

Specific jurisdiction, in turn, is a claim-tailored inquiry that requires the Court to analyze whether a plaintiff's injury arises out of or relates to the individual defendant's forum-related activities. *See Walden v. Fiore*, 571 U.S. 277, 277 (2014). "There must be 'an adequate link' between the defendant's contacts with the forum and the claims at issue" for specific personal

4

jurisdiction to exist, "[c]ontacts unrelated to a plaintiff's alleged claims will not suffice for specific jurisdiction." *Bristol-Myers Squibb Co.*, 582 U.S. at 264. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id*.

### C.   Applicable Standards Under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss if a complaint fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its face" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a claim must be supported by facts sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 570.

## IV.   LEGAL ARGUMENT

### A.   Plaintiff Fails To Establish Article III Standing By Engaging In Impermissible Group Pleading.

Plaintiff lacks Article III standing due to the absence of facts that could plausibly establish a concrete, particularized, and actual or imminent injury *caused by NRL*. For example, Plaintiff's allegations are predominantly directed at Watch NRL; because he has no actual facts to specifically plead against NRL that could plausibly articulate a VPPA claim, he strategically (and improperly) attempts to lump all Defendants into a "partnership." (Compl. ¶ 2). Plaintiff, however, offers no facts establishing a legal partnership between the Defendants, nor does he allege a *respondeat superior* or agency theory of liability against NRL (because none exists). Accordingly, Plaintiff's pleading does not sufficiently notify NRL of any of its specific conduct linked to his alleged injury.

The Ninth Circuit has made it clear: lumping defendants together offends Federal Rule of Civil Procedure 8(a)(2) when it does not provide fair notice of the allegations against them. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his

claim against *each* Defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them.") (emphasis added); *Gutierrez v. Dep't of Child. & Fam. Servs. (DCFS)*, No. 2:21-cv-08238-JLS-E, 2023 WL 4205816, at *5 (C.D. Cal. May 12, 2023) (A pleading that "lumps together" many defendants without identifying individual wrongful acts or omissions is impermissible because it violates Rule 8.)

To establish a facially plausible claim, a plaintiff must clearly allege facts for each element at the pleading stage, including that they have been personally injured by the defendant. *Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023). In cases with multiple defendants, plaintiffs must link their injuries to *each* defendant's actions. *Wehlage v. EmPres Healthcare, Inc.*, 791 F. Supp. 2d 774, 783 (N.D. Cal. 2011) (citations omitted); *see also Easter v. American West Financial Co.*, 381 F.3d 948, 961-962 (9th Cir. 2004) (affirming dismissal of defendants as to whom plaintiffs "cannot allege a traceable injury"); *Hardwick v. 3M Company*, 87 F.4th 315 (6th Cir. 2023) ("Plaintiff must tie his injury to each defendant"). Plaintiff's group pleading here fails to allege traceability to NRL.

Likewise, Plaintiff's reference to "Watch NRL" fails to establish a connection between Plaintiff and *each* Defendant, much less NRL specifically. Facts specific to each defendant, rather than generic references to a product name, are required to establish Plaintiff's standing. *See Perez v. Wells Fargo & Co.*, No. C 14-0989 PJH, 2015 WL 1887354, at *5 (N.D. Cal. Apr. 24, 2015) (dismissal required where plaintiffs referred to defendants "collectively as Wells Fargo" rather than alleging facts showing specific connection between plaintiff and each defendant). "Plaintiffs cannot sue [multiple] defendants – by lumping them all together in his allegations – when the more particular facts would allow him to proceed against only one. (Much less none.)." *Hardwick,* 87 F.4th at 320; *see also Easter*, 381 F.3d at 948. But this is precisely what Plaintiff has done. Without a direct injury directly linked to NRL, Plaintiff's claim must be dismissed.

**B.     Plaintiff Does Not And Cannot Allege That This Court Has General Jurisdiction Over NRL.**

The Complaint lacks any allegation regarding California apart from Plaintiff's residence.

(Compl. ¶¶ 15-17). Plaintiff does not even attempt to allege that the Court has general jurisdiction over NRL. (Compl.¶¶ 14–15). The Court does not have general jurisdiction over NRL, because Plaintiff concedes that NRL is not "at home" in California. (Compl. ¶ 9). A motion to dismiss is warranted when the plaintiff fails to show the defendant is at home in the forum state. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 1873 (1984) (finding a Colombian corporation was not subject to general jurisdiction in Texas); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). (denying general jurisdiction in California over Ohio automobile dealership with no minimum contacts in California).

### C.      This Court Lacks Specific Jurisdiction Over Non-Resident NRL.

Where a case sounds in tort, as this one does, the Court must determine whether the defendant has "purposefully directed his activities" toward the forum or "purposefully availed himself of the privileges of conducting activities in the forum." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022), quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The purposeful direction test, or "effects test," looks to whether the defendant: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Calder v. Jones*, 465 U.S. 783, 789 (1984). The plaintiff bears the burden to establish the first two prongs, and failure to establish either one requires dismissal for lack of personal jurisdiction. *See Epes v. Sidden*, No. 22-15219, 2023 WL 5318469, at *1 (9th Cir. Aug. 18, 2023) (*citing Schwarzenegger*, 374 F.3d 797, 800 (9th Cir. 2004)).

To satisfy the "intentional act" prong, "the defendant must act with the intent to perform an actual, physical act in the real world. *See Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (*citing Walden v. Fiore*, 571 U.S. 277, 285 (2014)). Nowhere in the Complaint does Plaintiff identify a single intentional act by NRL, nor does he allege any specific conduct by NRL within California, which could satisfy the "intentional act" prong of the *Calder* test. Instead, Plaintiff resorts to vague, sweeping allegations against all Defendants without distinguishing between their individual roles or actions, and even then he fails to allege an actionable connection to California.

7

*Skurkis v. Montelongo*, No. 16-CV-0972 YGR, 2016 WL 4719271, at \*4 (N.D. Cal. Sept. 9, 2016) (finding plaintiffs failed to establish personal jurisdiction where "the jurisdictional allegations of the [complaint] group all defendants together").

Next, to satisfy the "expressly aiming" prong, the Ninth Circuit has held that a "personal jurisdiction analysis must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum." *See Picot*, 780 F.3d at 1214. Of particular relevance here, if a plaintiff attempts to satisfy the "expressly aiming" prong through the defendant's website, the Ninth Circuit has said that an interactive website alone without "something more" (i.e., conduct expressly aimed at the forum) will not satisfy the "express aiming" prong. *See Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1092 (9th Cir. 2023); *see also AMA Multimedia, Ltd. Liab. Co. v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020) (concluding that the defendant's website "lack[ed] a forum-specific focus because the market for adult content is global"). *Massie v. GM Co.*, No. 1:20-cv-01560-JLT, 2021 U.S. Dist. LEXIS 99945 (E.D. Cal. May 25, 2021) (dismissing complaint for lack of personal jurisdiction against UK Corporation.)

In *Freelancer Int'ly v. Doe*,. No. 16-cv-07070-JCS, 2017 U.S. Dist. LEXIS 11680, at \*2 (N.D. Cal. January 26, 2017), the District Court explained that, "the complaint alleges no facts to indicate, and the motion offers no explanation for how the Court could infer, that the defendants knowingly caused harm in California," despite the plaintiff's broad allegations that the Australian defendants utiliz[ed] websites" in order to target the plaintiff. Here, the maintenance of an interactive website accessible to residents of California is not sufficient to show NRL's activities were "aimed at" the forum. Rugby League content is global, and the Watch NRL website is accessible throughout the United States (and internationally). Plaintiff only alleges that Defendants (again, collectively) maintain "interactive websites" and therefore has not met his burden of showing "something more" i.e., that NRL specifically targeted or expressly aimed its conduct at California residents in a manner sufficient to confer jurisdiction. (Compl. ¶ 15(d)); *Herbal Brands, Inc.*, 72 F.4th at 1092.

Likely aware of this controlling case law that defeats jurisdiction, Plaintiff argues that this Court nevertheless has specific jurisdiction because Watch NRL (not NRL itself) has maintained

server facilities within the United States (not specifically California), and the majority of Watch NRL's traffic comes from the United States. (Compl. ¶ 15). The mere location of servers in the U.S, or even California, however, cannot establish personal jurisdiction for this Court. *See X Corp. v. Centre. for Countering Digit. Hate Ltd.*, 724 F.Supp.3d 921, 940 (2024); *Hungerstation LLC v. Fast Choice LLC*, No. 19-CV-05861-HSG, 2020 WL 137160, at *1 (N.D. Cal. Jan. 13, 2020). Thus, Plaintiff fails to plead the required minimum contacts necessary for personal jurisdiction.

Finally, Plaintiff makes one last vague attempt to allege that (in the collective) Defendants' "activities in the Unites States are continuous and systematic, and Defendant directs substantial business activity into this forum." (Compl.¶¶ 15(e)). However, the Ninth Circuit has held that such "[b]are bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).[2]

### D. Exercising Specific Jurisdiction Over NRL Would Not Comport With Notions Of Fair Play And Substantial Justice.

Where a plaintiff has not established the "expressly aimed" prong of the purposeful direction test, the court need not address the third prong. *See Picot*, 780 F.3d at 1209. However, even if Plaintiff were able to satisfy the first two prongs (he cannot), notions of fair play and substantial justice do not favor California courts. At its core, this is a foreign dispute involving foreign corporations, with a specific choice of a foreign governing law, and a non-exclusive foreign jurisdiction clause. Plaintiff has no legitimate basis to be suing in California. *Freelancer Int'l Pty v. Doe*, No. 16-cv-07070-JCS, 2017 U.S. Dist. LEXIS 11680 (N.D. Cal. Jan. 26, 2017) (ordering the Plaintiff to show cause for how the Court has jurisdiction over Australian defendants after

---

[2] Allegations of Defendants' general actions with respect to the United States are not sufficient to establish jurisdiction in California. *See ThermoLife Int'l, LLC v. NetNutri.com LLC*, 813 Fed. Appx. 316, 318 (9th Cir. July 23, 2020) (citations omitted) ("[N]onspecific, nationwide" activity is insufficient to establish specific jurisdiction because "any contact with [the state] would be 'random, fortuitous, or attenuated.'"); *see also Matus v. Premium Nutraceuticals, LLC*, 715 Fed. Appx. 662, 663 (9th Cir. Mar. 16, 2018) ("If [defendant] can be haled into California merely on the basis of its universally accessible website, then, under [plaintiff's] proposed rule, it can be haled into every state, and respectively, every online advertiser worldwide can be haled into California.").

finding that the Freelancer's User Agreement applied and stated that "the non-exclusive jurisdiction of the courts of New South Wales, Australia" governed for unresolved disputes); *Lumascape USA, Inc. v. Vertex Lighting, Inc.*, No. C 05-04809 WHA, 2006 WL 825411, at \*10 (N.D. Cal. Mar. 29, 2006) (staying proceedings until Australian courts determined their interest in the case, after finding that a non-exclusive forum selection clause designating Australia applied to all claims against an Australian defendant); *Body Fit Training USA Inc. v. F45 Training PTY Ltd.*, No. CV 20-cv-07081-AB (PJW), 2020 WL 8372966 at \*8 (C.D. Cal. Dec. 3, 2020) (dismissing a case against the Australian branch of F45 Training Pty Ltd., after finding the plaintiff failed to establish the defendant's minimum contacts with California); *Aaron Data Sys. v. GLD Int'l, Inc.*, No. 17-62111-CIV, 2018 WL 1973653, at \*8, 9 (S.D. Fla. Mar. 23, 2018) (dismissing the complaint based upon a choice of law provision stating that the "parties submit to the non-exclusive jurisdiction of that state."); *Telegroup, Inc. v. Tech Pac. Holdings*, No. 01-0652, Iowa App. 2002 WL 31882867 at \*2 (Ct. App. Dec. 30, 2002) (explaining the Iowa Supreme Court dismissed a case against an Australian company due to a choice of law clause favoring New South Wales, Australia, finding no personal jurisdiction as the defendants had no business activities in Iowa).

Plaintiff provides no reason to set aside these binding choice of law or venue clauses. Accordingly, courts in New South Wales, Australia would be better suited to adjudicate this dispute instead of this Court. Indeed, California's meager interest, if any, in this international dispute is insufficient to overcome the "great care," "reserve" and "caution" California courts observe where the defendant is a foreign national residing abroad. *See Rivelli v. Hemm*, 67 Cal. App. 5th 380, 393, (2021); *F. Hoffman-La Roche, Ltd. v. Superior Court*, 130 Cal. App. 4th 782, 795 (2005).

**E.   This Court Should Dismiss Plaintiff's VPPA Claims For Failure To State A Claim.**

Congress enacted the VPPA in response to the publication of 146 movie titles that then Judge Robert M. Bork had rented from a local video store around the time of his nomination to the U.S. Supreme Court in the 1980s.  Reflecting the concerns of Congress, the VPPA only prohibits the "knowing[] disclosure of personally identifiable information by video tape service provider[s]

10

that identifies a person as having requested or obtained specific video materials." 18 U.S.C. §§ 2710(a)(3), (b)(1). Its scope is narrow and should be narrowly construed.

This Court should dismiss Plaintiff's claims for the following three *independent* reasons: (1) the VPPA does not apply to NRL because Plaintiff fails to sufficiently plead that NRL is a "video tape service provider"; (2) Plaintiff fails to allege that NRL disclosed Plaintiff's PII; and (3) Plaintiff fails to allege that NRL "knowingly" disclosed his PII, as required under the VPPA.

### 1.    Plaintiff fails to sufficiently plead that NRL is a "video tape service provider" under the VPPA.

Under the VPPA, a video tape service provider is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4). Thus, for the VPPA to apply: (1) the materials the defendant provides must be prerecorded video cassette tapes or similar audio visual materials, and (2) the defendant must be engaged in the business of renting, selling, or delivering such video content. "[F]or the defendant to be 'engaged in the business' of delivering video content, the defendant's product must not only be substantially involved in the conveyance of video content to consumers but also significantly tailored to serve that purpose." *See Cantu v. Tractor Supply Co.*, No. 2:23-cv-3027-HDV-JC, 2024 WL 1601257, at *3 (C.D. Cal. Mar. 21, 2024) (citing *In re Vizio, Inc.*, 238 F. Supp. 3d 1204, 1221 (C.D. Cal. 2017)). "Courts in the Ninth Circuit consistently recognized that delivering video content must be central to the defendant's business or product for the VPPA to apply." *Id.* at *3. The Complaint contains no plausible allegations that NRL itself is a video tape service provider.

For example, Plaintiff alleges that NRL is a professional rugby league, which on its face defies that it is also a "video tape service provider" by trade. Moreover, Plaintiff alleges that he watched "prerecorded videos" on the *Watch NRL* website, *not* NRL's website. (Compl. 44). These two failures alone provide ample justification to dismiss his claims against NRL.

Because NRL is clearly not a video tape service provider, Plaintiff attempts to bootstrap NRL to Watch NRL by alleging Watch NRL is a partnership between NRL and Fox Sport. This, too, is insufficient to state a claim. Indeed, "[i]f plaintiffs intend to rely on . . . [a] partnership

relationship between [defendants], that relationship must be explicitly pleaded in the complaint, along with facts that would show a relationship." *Azad v. Tokio Marine HCC–Med. Ins. Svcs. LLC*, 17-cv-00618-PJH, 2017 WL 3007040, at *10 (N.D. Cal. July 14, 2017). Furthermore, courts in the Ninth Circuit hold that a defendant cannot be a video tape service provider under the VPPA unless it is "engaged in the business" of delivering video content. *See Carrol v. General Mills, Inc.*, No. 23-cv-1746-DSF-MRW, 2023 WL 6373868 at *3 (C.D. Cal. Sept. 1, 2023) ("The statute does not cover every company that merely delivers audio visual materials ancillary to its business. It is confined to those engaged specifically *in the business of* providing audio visual materials"). *Cantu v. Tapestry, Inc.*, No. 22-cv-1974-BAS-DDL,  2023 WL 4440662, at *8 (S.D. Cal. July 10, 2023) (Holding that a fashion retailer was not a "video tape service provider" under the VPPA because its business as a fashion retailer is not significantly tailored to delivering video content.)

In short, the Complaint contains no plausible factual allegations from which the Court could conclude that NRL itself —as opposed to another entity—is "engaged in the business of renting, selling, or delivering" such qualifying audio visual materials. Conclusory allegations that merely recite the statutory language are inadequate, and the Complaint must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Gomez v. Magliocco Grp. Inc.*, No. 21-cv-07148-VC, 2022 WL 1537938, at *1 (N.D. Cal. Apr. 22, 2022) (J. Chhabria) (dismissing a complaint after using "conclusory allegations" and lacking any factual allegations.)

### 2. Plaintiff fails to plausibly allege NRL "Knowingly" disclosed Plaintiff's PII.

A valid claim under the VPPA requires the defendant to have "knowingly" disclosed personal information that identifies the consumer and the specific video materials they watched. While "knowingly" is not defined in the statute, a decision from this District interpreting that term in the VPPA context has held that "knowingly" means "actual knowledge . . . [K]nowingly means consciousness of transmitting the private information. It does not merely mean transmitting the code". *In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1095 (N.D. Cal. 2015); see also *Mollett v. Netflix, Inc.,* No. 5:11-CV-01629-EJD, 2012 WL 3731542, at *4 (N.D. Cal. Aug. 17, 2012), aff'd, 795 F.3d 1062 (9th Cir. 2015).

Plaintiff alleges no facts to support an inference that NRL *itself* "knowingly" transmitted private information subject to the VPPA. Instead, Plaintiff alleges that Meta provides the Meta Pixel and that the Meta Pixel sends information to Meta. (Compl. ¶ 53). Thus, Plaintiff pleads that the transmission of personal information, if any, is between the Meta Pixel and Meta. On its face, it is obvious that NRL— who is responsible for administering the game of rugby league in Australia —has nothing to do with this process. Although Plaintiff also alleges that "Watch NRL discloses personally identifiable information of Plaintiff" to Meta, because Watch NRL sends "information which identifies a person as having requested or obtained specific video materials" from Watch NRL, (Compl. at ¶ 71), there are no facially plausible factual basis in the Complaint to support this allegation against NRL.

Following the Supreme Court's guidance, Courts in this Circuit have frequently dismissed complaints that fail to plead particular facts showing actual knowledge, where actual knowledge is an element of the claim. *See, e.g. Millare v. Bank of Am., N.A.*, No. CV 21-8398 PA (KESX), 2022 WL 1434109, at *3 (C.D. Cal. Apr. 1, 2022) (dismissing claim for aiding and abetting financial elder abuse where plaintiff failed to "allege any facts establishing actual knowledge" by defendant of the abusive conduct); *S&S Worldwide, Inc. v. Wells Fargo Bank*, 509 F. Supp. 3d 1154, 1165 (N.D. Cal. 2020) (dismissing claims for aiding and abetting conversion and fraud because complaint failed to plead sufficient facts to support the conclusion that the defendant had the requisite "actual knowledge" of others' wrongful conduct); *Resnick v. Hyundai Motor Am., Inc.*, No. CV16-00593-BRO (PJWg), 2017 WL 1531192, at *14-15 (C.D. Cal. Apr. 13, 2017) (dismissing claim for failure to disclose a product defect, which requires actual knowledge of that defect, where amended complaint failed to allege facts establishing defendant's actual knowledge).

### 3. Assuming any purported PII disclosures were made, they are subject to an exception under the VPPA.

Even assuming that NRL made "knowing" disclosures of PII (which it did not), the VPPA specifically allows disclosures of PII that are "incident to the ordinary course of business of the video tape service provider." 18 U.S.C. § 2710(E). Congress made clear that disclosure of PII for the purpose of marketing to one's own customers falls squarely within the "ordinary course of

13

business" exception to the VPPA. Congress explained that "[t]his subsection also allows disclosure to permit video tape service providers to use mailing houses, warehouses, computer services, and similar companies for marketing to their customers." S. Rep. No. 100599, at 1 (1988), available at 1988 WL 243503. Plaintiff alleges that his data was shared with Meta for the express purpose of "targeted advertising." (Compl. ¶ 20, 37). Using a third-party service, i.e., Meta, for targeted advertising falls squarely within the "marketing to [one's] customers" activities that Congress expressly chose to exempt from the VPPA. *See* S.Rep. No. 100599, at 14 (1988).

## V.    CONCLUSION

For the foregoing reasons, NRL respectfully requests that the Court grant its motion to dismiss with prejudice and award it the fees and costs incurred in this action to date.

Dated: December 5, 2024                         Respectfully Submitted,

                                                **BAKER & McKENZIE LLP**

                                                By: /s/ *Michael McCutcheon*
                                                        Michael McCutcheon
                                                        *(Admitted Pro Hac Vice)*
                                                        Colleen Baime
                                                        Attorneys for Defendant
                                                        National Rugby League Limited