JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 807-1666 (Office)
(310) 295-2385 (Fax)

*Attorneys for Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH BLAKELEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>The NATIONAL RUGBY LEAGUE LIMITED, an Australian Private Company, FOX SPORTS AUSTRALIA PTY LIMITED, an Australian Private Company, and FOX SPORTS STREAMCO PTY LIMITED, an Australian Private Company,<br><br>Defendants. | Case No.: 3:24-cv-04923-VC<br><br>**UNOPPOSED REQUEST FOR DISMISSAL OF ACTION WITHOUT PREJUDICE; PROPOSED ORDER** |

Pursuant to F.R.C.P. 41(a)(1)(A)(i), and ¶ 54 of the Court's Standing Order for Civil Cases, Plaintiff Josh Blakeley hereby requests that the Court dismiss this Action without prejudice to his individual claims or the claims of the putative class, and without notice to the putative class, as follows. The Defendants to this Action do not oppose this request.

**A. <u>Background</u>:**

On August 9, 2024, Plaintiff filed his putative class action Complaint alleging a single cause of action under the Video Privacy Protection Act ("VPPA"). Dkt. 1. On December 5, 2024, Defendants filed their Motions to Dismiss. Dkt. 26, 27, 29. The motion hearings are set for February 20, 2025 at 10:00 a.m. Dkt. 21. There has been no other motion practice in this case.

Plaintiff now seeks to dismiss this action without prejudice to his individual claims and his class claims. No notice of this action has been sent to the Class; no motion for class certification has been filed; and no class has been certified.

**B. <u>Request for Dismissal</u>:**

To determine whether pre-certification dismissal is appropriate, courts assess potential prejudice to the putative class members from: (1) "possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances"; (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). Dismissal of this case is appropriate without notice to the putative class under all of these factors.

First, Plaintiff's Counsel are unaware of any unnamed class members who have relied on this lawsuit at all. Plaintiff's Counsel has not engaged in any publicity with regards to this action and the action has not generated media attention beyond websites that contain notices of filed cases.

Second, there is no "rapidly approaching statute of limitations" because the complaint was filed very recently (in August 2024). No prejudice results from dismissal of a class action where putative class members would not be prevented from filing their own suit. See e.g., *Karcauskas*

UNOPPOSED REQUEST FOR DISMISSAL WITHOUT PREJUDICE; PROPOSED ORDER

*v. Regreso Fin. Servs. LLC*, No. 2:15-cv-09225-FMO-RAOx, 2018 U.S. Dist. LEXIS 238281, at *8 (C.D. Cal. Mar. 1, 2018) (court dismissing individual and class claims without notice to putative class members because "[n]either concession nor settlement of class claims is being made and this settlement will not affect any other pending cases or any right to bring an action by any putative class member"). Further, the filing of this action tolled the applicable statute of limitations until the case is dismissed. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553-554 (1974); *Chardon v. Fumero Soto*, 462 U.S. 650, 661-662 (1983). Thus, Class Members have time to file their own lawsuit if they so choose.

Third, the dismissal is without prejudice to Plaintiff's individual and class claims so there is no "settlement or concession of class interests." *Houston v. Cintas Corp*., 2009 WL 921627, at *2 (N.D. Cal. Apr. 3, 2009) ("[T]he parties do not seek to dismiss the class claims with prejudice and, therefore, they are not impacting the rights of potential class members.").

**C. <u>Conclusion</u>**:

For all of these reasons, Plaintiff requests that the Court vacate the hearing set for February 20, 2025 and dismiss this action without prejudice to his individual claims, without prejudice to his class claims, and without requiring that notice be provided to the putative class.

Dated: January 15, 2025                    HAMMOND LAW, P.C.


By:   s/ Julian Hammond
_____
Julian Hammond
Attorney for Plaintiff

///

UNOPPOSED REQUEST FOR DISMISSAL WITHOUT PREJUDICE; PROPOSED ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## [PROPOSED] ORDER

The Court, having reviewed Plaintiff's unopposed Request for Dismissal, and good cause appearing, orders:

1.      The hearing set for February 20, 2025 is vacated.

2.      This action is dismissed without prejudice to Plaintiff's individual claims, and without prejudice as to any claims of any members of the putative class.

3.      The Court dismisses this action without requiring that notice be given to Class Members.

**IT IS SO ORDERED**

Dated: _____

                                                    _____
                                                    The Honorable Vincent Chhabria
                                                    United States District Judge

UNOPPOSED REQUEST FOR DISMISSAL WITHOUT PREJUDICE; PROPOSED ORDER